Frank v. Zoning Hearing Board and Mobile Oil Corporation, et al., Intervenors.

Argued October 5, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*John P. Yatsko,* with him *Fitzgerald & Yatsko,* for appellant.

*William P. Manning, Jr.,* with him *Wright, Spencer, Manning & Sagendorph,* for intervenor Foodarama Supermarkets, Inc.

*Thomas M. Garrity,* with him *Rosemary M. Flannery* and *Wisler, Pearlstine, Talone, Craig & Garrity,* for intervenor Mobil Oil Corporation.

OPINION PER CURIAM:

AND Now, this 31st day of October, 1972, the Order of the Court of Common Pleas of Montgomery County, Civil Division, is hereby affirmed upon the opinion of Judge LOUIS D. STEFAN, which is set forth in toto below:

OPINION

STEFAN, J.

This matter comes before the Court on the motion of Foodarama Supermarkets, Inc., and Mobil Oil Corporation, intervenors, to quash the appeal of Anthony N. Valenza, et ux., and other residents and property owners of Upper Moreland Township (hereinafter referred to as "appellants") from the decision of the Zoning Hearing Board of Upper Moreland Township; which decision dismissed appellants' petition to substitute themselves as appellants in the Appeal to Zoning Hearing Board of Upper Moreland Township by John R. Janke and Kathryn A. Janke, his wife, from the issuance of a building permit on December 15, 1970, issued to William P. Manning, Esquire, for the owner, Foodarama Supermarkets, Inc., Freehold, New Jersey.

On May 13, 1969, approximately six acres of real property located at the northwest corner of the inter-

section of Moreland Road and Fitzwatertown Road, Upper Moreland Township, were rezoned from R-2 classification to C-2 classification, pursuant to enactment of an ordinance by the Board of Commissioners of Upper Moreland Township. Thereafter, on June 12, 1969, John R. Janke and Kathryn A. Janke, and Anthony Valenza and Dorothy Valenza filed an appeal from the passage of the ordinance, alleging that such constituted spot zoning. This appeal was dismissed by the Honorable Robert W. Tredinnick, inasmuch as the controversy was not then ripe; pursuant to the decision in *Roeder v. Hatfield Borough Council,* 439 Pa. 241 (1970).

Subsequently, on December 15, 1970, the building officer of Upper Moreland Township issued a provisional building permit to William P. Manning, Esquire, for the owner, Foodarama Supermarkets, Inc., to permit construction of a food store on a portion of the tract in question. On January 12, 1971, John R. Janke and Kathryn A. Janke appealed the issuance of this building permit to the Zoning Hearing Board of Upper Moreland Township (hereinafter referred to as "Board"), pursuant to Section 910 of the Pennsylvania Municipalities Planning Code (hereinafter referred to as "the Code"), again alleging that the rezoning of the tract of realty in question constituted spot zoning. In such appeal, paragraph one alleged as follows: "The applicant is one of a number of aggrieved persons and property owners who appeal from the issuance of the building permit by the building officer and zoning officer of Upper Moreland Township to the above-mentioned applicant, William P. Manning, Esquire, and the above-mentioned owner, Foodarama Supermarkets, Inc."

Pursuant to Sections 908 and 910 of the Code, the Board held a hearing on the Jankes' appeal on Febru-

ary 25, 1971. The Board made no record as required by Sections 908 and 910 of the Code on this appeal.

On May 26, 1971, the building officer of Upper Moreland Township issued a building permit to the Mobil Oil Corporation, for the purpose of erecting a gasoline filling and service station on a portion of the subject property. Thereafter, on June 21, 1971, John R. Janke and Kathryn A. Janke filed an appeal to the Board, reiterating the issue of spot zoning raised in the original appeal to the permit issued to William P. Manning, Esquire, for Foodarama Supermarkets, Inc. The Board did not set a hearing date for the Mobil appeal, inasmuch as the attorneys for the parties agreed that the decision in the Foodarama matter would be dispositive of the issue of the constitutionality of the rezoning, and serve as a record for appeals to the Court of Common Pleas, pursuant to Sections 1001 and 1002 of the Code, for the Foodarama matter and the Mobil Oil matter.

By a letter to the Board dated September 22, 1971, John R. Janke and Kathryn A. Janke withdrew both appeals.

On November 1, 1971, appellants herein filed with the Board a petition requesting substitution as the appellants "in the pending appeal before the Board entitled 'Appeal of John R. Janke and Kathryn A. Janke, his wife, from issuance of a building permit on December 15, 1970, issued to William P. Manning, Esquire, for the owner, Foodarama Supermarkets, Inc., Freehold, New Jersey'." The Board dismissed appellants' petition for substitution on December 9, 1971. Thereafter, appellants filed an appeal from such decision to the Montgomery County Court of Common Pleas on December 21, 1971, to which Foodarama Supermarkets, Inc., and Mobil Oil Corporation, intervenors, have filed the present motion to quash.

The issue in this matter is whether or not the appellants have standing to appeal to this Court based on one of the following grounds:

(1) that the appellants were original appellants with the Jankes inasmuch as the recital in paragraph number one of the Jankes' appeal to the Board stated that "[T]he applicant is one of a number of aggrieved persons and property owners who appeal. . .", on the theory that such an appeal, including such a recital, was analogous to a class action permitted by Pennsylvania Rule of Civil Procedure 2230, with the result that those similarly situated must be considered as original appellants;

(2) that because appellants were among numerous neighbors who signed a petition criticizing the issuance of the building permit and were among numerous persons who volunteered to testify at the February 25, 1971, hearing, such actions constitute an entry of appearance at such hearing which would give the appellants the status of parties to the hearing, pursuant to Sections 908(3) and 1003 of the Code; or

(3) that the acts previously described in (2), supra, and the appellants' petition for substitution constitute form intervention in this matter, pursuant to Section 1006 of the Code or Rule 2328(a)(1) of the Montgomery County Rules of Court.

It is the opinion of this Court that appellants do not have standing to appeal the decision of the Board in dismissing their petition for substitution, or from any report and findings which may or may not be rendered on the Jankes' original appeal; and, that the motion to quash the appeal should be granted.

With respect to (1), supra, Rule 2230 of the Pennsylvania Rules of Civil Procedure permits one or more persons to bring a class action for an indefinite class, where persons constituting the class are so numerous as to make it impracticable to join all as parties. How-

ever, Sections 908 and 910 of the Code require that those persons who are aggrieved by the issuance of a building permit pursuant to an allegedly invalid zoning ordinance, and who desire to challenge the validity of such an ordinance, should file such a challenge with the Board; thereby, such persons become "parties appellant before the Board."

When, as here, a remedy or method of procedure is provided by an act of assembly, the directions of such an act must be strictly pursued, and under the act such remedy or procedure is exclusive. *Knup v. Philadelphia*, 386 Pa. 350 (1956). Therefore, the only way to become a party appellant before the board is by filing with the board a challenge to the ordinance. One does not become an appellant before the board when another aggrieved person similarly situated files a challenge to the ordinance and recites that he is one of a number of persons similarly situated who appeal. Had the Pennsylvania Legislature desired to include a procedure in zoning matters analogous to a class action, permitted by the rules of civil procedure, it would have provided such a statutory procedure in the Code.

With respect to (2), supra, Section 1003 of the Code permits an appeal to the Court of Common Pleas from decisions or reports of the zoning hearing board by persons who were parties before the board either as appellants before the board, as defined in Section 914, or parties to the hearing, as defined in Section 908(3). Parties to the hearing are those, inter alia, who have "made a timely appearance of record before the board." Inasmuch as the appellants were not appellants before the Board, as previously discussed, the Court must consider whether or not having their names on a petition with numerous other neighbors and volunteering to testify are sufficient acts to constitute a "timely appearance of record before the board." To qualify as such, the following procedure is suggested: "It is sound

procedure to require that protestants who are interested in the case and wish to be considered 'parties' file with the zoning board at the hearing a short form which 'enters' their appearance in the case: see Chapter 10, Form 7. Appearance as a witness does not necessarily make the person a party to the proceeding." *Dethlefson Appeal,* 434 Pa. 431 (1969). Ryan, *Pennsylvania Zoning Law and Practice,* §2.2, p. 70 (1970).

It well may be that numerous persons interested in this matter, including appellants herein, allowed their colors to be carried by the Jankes, on the assumption that Mr. and Mrs. Janke would carry the battle to its conclusion. When the Jankes struck their colors, no one was left on the field, and the period for an appeal from the issuance of a building permit, pursuant to Section 915(2), had long since passed.

Finally, with respect to (3), supra, appellants allege that they are permitted to intervene in this controversy, pursuant to Section 1006 of the Code or Rule 2328(a)(1) of the Montgomery County Rules of Court. The appellants have not sought to file an intervention in the controversy, pursuant to Section 1006 and Rule 2328(a)(1); rather, the first mention of any intervention was in appellants' brief.

On September 22, 1971, the Jankes withdrew their challenge to the validity of the zoning ordinance. Inasmuch as the appellants were not original appellants before the Board, as previously discussed, and the only appellants before the Board withdrew, there was no controversy into which the appellants could have intervened. *Kershaw v. Upper Merion Township,* 83 Montg. Co. L.R. 194 (1964); See *Urbano v. Zoning Hearing Board of Upper Merion Township,* 1 Commonwealth Ct. 574 (1971).

The appellants rely on *Esso Standard Oil Company v. Taylor,* 399 Pa. 324 (1960), but in that case the Court of Common Pleas found as a matter of fact: "(3)

that during the hearings before the Zoning Board of Adjustment one of the petitioners had given the attorneys for the present appellee his name and address and asked to be notified of any further action contemplated by the applicant, but had received no such notice. . . ." (At 329) Also, in the *Esso* case, there was no withdrawal from the matter by the appellant therein. In the present matter, the moving party—the appellant before the Board—withdrew. In *Esso,* there was still a matter into which the intervenors could intervene.

### ORDER

AND Now, this 28th day of February, 1972, after argument and consideration of briefs and the record, the Motion to Quash the Appeal is granted; and, appellants' appeal is quashed.