# Forest County Solid Waste Authority v. Certain Parcels of Land (No. 2)

*Joseph Altomare,* for plaintiff.
*Stephen Hutzelman,* for defendants.

WOLFE, *P. J.,* September 10, 1975.—This is a petition brought individually and in a representative capacity by five residents of Forest County to strike from the record approximately 4,200 municipal claims against them and other property owners, similarly situated filed by the Forest County Solid Waste Authority ("authority") for nonpayment of its claim for services rendered them, to wit, the collection of refuse.

On August 5, 1975, the authority filed the claims under and by virtue of the Act of May 16, 1923, P. L. 207, as amended, 53 P.S. 7101, for solid waste collection (garbage) by the authority from January 6, 1975, to August 1, 1975. On the basis of this record, lien notice was then given the property owners by the authority of the existence of the lien, the amount thereof, the nature of the service rendered, to wit, refuse collection; the amount due the authority; an allegation the amount is unpaid and a notice to file an affidavit of defense within 15 days and, in default thereof, judgment would be entered and the property described in the claim would be sold to recognize the amount due, plus costs.

This action is co-relative to an injunctive decree absolute against defendants in the case of Commonwealth v. Ronald Harp and Vernon A. Zimmerman at November term, 1974, no. 17, which we have this date entered, upholding the Solid Waste

Authority of Forest County right to collect garbage on a countywide basis under the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788 (No. 241), sec. 1, et seq., 35 P.S. §6001.

At the outset, we do not accept the petition as creating a "class action" under Pa. R. C. P. 2230(a). See McMonagle v. Allstate Insurance Company, 227 Pa. Superior Ct. 205, 324 A. 2d 414 (1974); affirmed 460 Pa. 159, 331 A. 2d 467, rehearing denied March 4, 1975, eliminating any distinction among "true, hybrid or spurious" class actions. Although the parties are numerous in the instant case and it is impractical to join all in one action, nonetheless the action is in rem brought by the authority for a municipal claim. The petition is not a complaint for money damages and any judgment will not impose any personal liability as the rule contemplates.

Petitioners' thrust to strike is founded in the Municipal Claims and Liens Act of May 16, 1923, P. L. 207, sec. 10, as amended, 53 P.S. §7144, alleging the liens are defective, which we now consider serially.

A. *The authority failed to follow its own regulation in attempting to collect the charges at issue before filing the liens.*

There is no legal support for this contention. The owners affected received garbage service for two quarters prior to billing and alleged nonpayment by them before the liens were filed. This has not been disputed, and we have not been alerted by petitioners to any portion of the authority's regulations that support their contention.

B. *The filing of liens for amounts listed as due on August 1, 1975, on August 5, 1975, is premature.*

This reason is without any merit. A lien may be filed any time after the claim is due; the act does not

require any lapse of time from the due date to the filing date in a claim of this nature. See section 9, time and place for filing: 53 P.S. §7143.

C.1. *It is not proper to file the claims by filing a computer printout entitled "Forest County Solid Waste Authority Non-Payment Report"*

Section 9 of the act specifically permits claims for taxes, water rents, or rates, lighting, power and sewage rates to "be in the form of written or typewritten lists showing the names of the taxables and descriptions of the properties against which such claims are filed, together with the amount of the taxes due such municipality."

We see no valid reason to treat filing of refuse liens procedurally different.

C.2. *The claims do not accurately name the owners of the property which the liens intended to encumber.*

Petitioners complain many properties are titled by husband and wife as entireties while the lien is listed in the name of one spouse only.

If the liens are defective in any respect, the proper procedure is for the owner to raise this question in an affidavit of defense as provided by section 17: 53 P.S. §7185. In any event, section 18, 53 P.S. §7186, requires the sheriff, upon service of the scire facias, to add to the writ persons he may ascertain to have an interest in the property; further section 34, 53 P.S. §7188, permits liberal amendment to the "claim, petition, answer, replication, scire facias, etc."

C.3. *The claims do not accurately describe the property.*

This complaint is based on the authority's means of identifying the properties by the municipality indicating a map and parcel number in which the premises are located, the latter of which is sub-

sumed to the owner's identification number appearing on their tax duplicates.

Petitioners argue the claim must identify the property by metes and bounds: Scranton v. Jones, 133 Pa. 219, 19 Atl. 347 (1890). Much that has been said under heading "C-2" applies to this objection (Latrobe Borough v. Austrow, 157 Pa. Superior Ct. 643, 43 A. 2d 612 (1945)) but we further answer and note the claim in the instant case is not for road or sewage improvement where exact footage is essential to computation of the amount of claim. All permanent residences and seasonal residences have their respective identical rate charge irrespective of the size of the properties; thus, the necessity for exactness does not exist. We can recognize nothing to be gained by compelling a metes and bounds description of the owner's lot and liens of this nature. The purpose of identity is to alert the owner his property is in jeopardy. The lien notice identifies the purported owner by surname and given name and address and the premises are identified by county, municipality and parcel numbers, all of which is tied to the tax identification number which we think is sufficient.

C.4. *The claims do not recite the authority under or by virtue of which the work was done.*

This argument is in error, as the notice clearly identifies the authority as the Forest County Solid Waste Authority.

C.5. *The claims do not contain the time for which the charges were levied.*

The filed claim of record contains the dates for which, the services were rendered, to wit, from January 6 through August 1, 1975, and notice making clear reference to the number and term as well as the account number for each claim.

*C.6. The claims do not contain a description of the kind and character of the work done.*

The claim makes it explicit it was filed "for the collection of refuse."

This is sufficient.

*D. The fees were not paid to the prothonotary (by the authority) prior to the entry of liens.*

There is no statutory requirement to support this complaint that would compel striking the liens.

*E. The property owners were not given notice and opportunity to defend prior to entry of the liens.*

No prior notice is required. The Municipal Liens Act gives a complete and full opportunity for any defenses the property owner may desire to raise. In the instant case, the owners were notified and billed for the services rendered and have neglected to pay the bill, thereby permitting the authority to lien for this purpose.

For the foregoing reasons we enter the following

### ORDER

And now, September 10, 1975, the petition to strike the municipal liens filed is denied.