Robert V. Naimoli, Appellant *v.* Zoning Hearing Board of the Township of Chester et al., Appellees.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

338

*Nicholas J. Emper*, with him *Murray S. Eckell, Eckell, Sparks, Vadino, Auerbach and Monte*, for appellant.

*John H. Clark, Jr.*, for appellee.

*Robert B. Surrick, Levy & Surrick*, for American Cablevision of Pennsylvania, Inc., intervenor.

OPINION BY JUDGE CRAIG, January 28, 1981:

Objector Robert V. Naimoli appeals from an order of the Delaware County Court of Common Pleas which affirmed a decision of the Zoning Hearing. Board of Chester Township (board) granting intervenor American Cablevision of Pennsylvania (ACP) a special exception to extend or enlarge a nonconforming use by converting radio facilities to cable television facilities.

Under the Chester Township Planning and Zoning Code (Zoning Code), the property in question is located in an R-3 Residential District in which commercial uses are prohibited. Located on that property, in addition to the Toby Farms Elementary School, is a 245-foot high radio tower which was erected in 1948 and has been continually operated as a radio signal

transmission station since that time, which antedated enactment of the Zoning Code, so that the radio facilities constitute a lawful nonconforming use in the R-3 district.

On April 13, 1979, ACP filed an application for a special exception to replace the radio tower with a cable television tower of like height in a different location on the property, and also to construct an earth station[1] on the property, thereby giving ACP the ability to receive cable television signals. The board granted the special exception, and the objector appealed to the lower court. ACP intervened in the appeal and filed a motion to quash which asserted that the objector lacked standing to appeal the board's decision. The common pleas court agreed that the objector lacked standing, but also dismissed the appeal on the merits.

On appeal to this court, the objector contends that the lower court erred in concluding that the objector was not a party to the proceedings before the board, so as to lack standing to appeal. We agree.

The Pennsylvania Municipalities Planning Code (MPC)[2] permits any party aggrieved by a decision of a zoning hearing board to appeal that decision to court. Section 1007 of the MPC, 53 P.S. §11007. Section 908(3) of the MPC, 53 P.S. §10908(3), defines a party as follows:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of

---

[1] The earth station is a fiberglass disc, about 15 feet in diameter, which provides television pictures from signals it receives from a communication satellite. The earth station was constructed near a pre-existing concrete block building which has been used for radio equipment related to the prior radio transmission antenna.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 *et seq.*

> record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

When considering who is a party before the board, this court has interpreted the statutory reference to "persons ... permitted to appear by the board" as requiring participation which exceeds that of a mere witness. *Frank v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 462, 296 A.2d 300 (1972).

At the hearing before the board, the board's counsel acknowledged the objector's presence and the fact that he was represented by counsel. Moreover, the board permitted the objector's counsel to cross-examine ACP's witnesses and to present the objector's direct testimony.

The record convinces us that the objector was a party permitted to appear before the board as contemplated under Section 908(3) of the MPC. *See Baker v. Zoning Hearing Board of West Goshen Township*, 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976), where an objector was held to be a party before the board; there, as here, the objector was allowed to cross-examine witnesses and to call witnesses without objection by the board. *See also Hager v. Manheim Township Zoning Hearing Board*, 23 Pa. Commonwealth Ct. 361, 352 A.2d 248 (1976), in which this court held that an objector was a party under Section 908(3) of the MPC where the objectors had been represented by counsel; although no written appearance had been filed, the minutes of the hearing cited the objectors' names and addresses in addition to their counsel's name under the heading "Attorney for Opposition."

Because the objector had standing to appeal, we move to the merits. Where, as here, the lower court took no additional evidence, our scope of review is limited to determining whether the board committed an abuse of discretion or mistake of law. *Bamash v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974).

The board in its conclusions of law[3] decided, in the alternative, that (1) ACP's proposal was a continuation of the existing nonconforming use and not an extension or enlargement thereof; and that (2) if a special exception were required, ACP was entitled to it under Section 1292.20(a) of the Zoning Code. Because we perceive no basis for overturning the special exception grant, we will affirm on that ground and therefore will not need to consider the board's first alternative ground.

The pertinent portions of Section 1292.20 of the Zoning Code read as follows:

1292.20  NONCONFORMING USES.

(a) The lawful use of a building existing on the effective date of this Zoning Code (Ordinance 4-1968, passed March 29, 1968), or authorized by a building permit issued prior thereto, may be continued although such use

---

[3] The board made the following relevant conclusions of law:

1. [T]he Board concludes that applicant's proposal is in the nature of a continuation of the existing communications system and not an enlargement or extension thereof. It appears doubtful that a special exception is required under all of the circumstances.

....

3. The Board concludes that, if a special exception is required, applicant is entitled to same under provisions of the Code of Chester Township cited by it in its application, and the Board hereby grants the application for special exception.

does not conform with the provisions of this Zoning Code, but such use may not be extended or enlarged except when authorized as a special exception by the Zoning Hearing Board.

(b) A nonconforming use of a building may be changed to another nonconforming use of the same or a more restricted classification when authorized as a special exception by the Board. Whenever a nonconforming use of a building has been changed to a more restricted classification, or to a conforming use, such use shall not thereafter be changed to a use of a less restricted classification.

(c) No building which has been damaged by fire or other cause to the extent of more than seventy-five percent of its value shall be repaired or rebuilt except in conformity with the provisions of this Zoning Code. No building which has been razed shall be rebuilt except in conformity with the provisions of this Zoning Code.

Here the objector attacks the granting of the special exception chiefly by contending that subsections (b) and (c) of Section 1292.20 prohibit what was done under subsection (a) of Section 1292.20. Specifically, the objector first contends that the board permitted ACP to change its nonconforming use to one of a less restrictive classification in violation of Section 1292.20(b) by authorizing ACP to construct a ground station and a cable television tower to replace the radio tower; secondly, the objector contends that Section 1292.20(c) prohibits ACP from removing the radio tower and replacing it with a cable television tower. We are unable to agree with either of these contentions.

The objector's first contention fails because it is grounded on the erroneous belief that construction of a

cable television tower by ACP to replace the radio tower would constitute a new and distinct nonconforming use. But the board, by granting ACP's special exception, implicitly decided that the radio tower and the cable television tower were instrumentalities of the same use, *i.e.*, operation of a communication system.

The record before us does not provide any basis to hold that the board abused its discretion or committed an error of law by deciding that the use remained the same. Where no additional testimony was received in a judicial proceeding, both the lower court and this court, too distant from the particular zoning hearing, must avoid substituting our opinions for the expertise of the board. *Cohen v. Philadelphia Zoning Board of Adjustment*, 3 Pa. Commonwealth Ct. 50, 276 A.2d 352 (1971). Consequently, this court, like the lower court, defers to the expertise of the board in concluding that the erection of a cable television tower was a continuation or, at most, an extension of the nonconforming communication system use.

As to the objector's contention that the construction of the cable television tower is barred by Section 1292.20(c), we hold that the subsection (c) prohibition, against rebuilding a razed structure, is inapplicable to the present case. Here the construction of the cable television tower, as a new structure, is encompassed in the special exception granted to ACP under Section 1292.20(a). To hold otherwise would unduly undermine the permission to extend nonconforming uses provided by Section 1292.20(a).

Accordingly, we will modify the order appealed and affirm it as modified.

### Order

And Now, January 28, 1981, the first paragraph of the order of the Court of Common Pleas of Delaware County, dated December 27, 1979, is deleted, and that order is affirmed as thus modified.