Thomas Collis et al. *v.* The Zoning Hearing Board of the City of Wilkes-Barre et al. Judy Krull and The Iron Triangle Committee, Appellants.

Judy Krull and The Iron Triangle Committee, Appellants *v.* The Zoning Hearing Board of the City of Wilkes-Barre et al., Appellees.

Argued June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Joseph J. Musto, Griffith, Aponick & Musto,* for appellants.

*James P. Harris, Jr., Harris, Johnston & Kennedy,* with him *John G. Whelley, Jr., Rosenn, Jenkins & Greenwald,* and *Mark A. Ciavarella, Jr., Lowery, Ciavarella & Rogers,* for appellees.

OPINION BY JUDGE BLATT, September 1, 1983:

In these consolidated cases, the appellants are appealing an order of the Court of Common Pleas of Luzerne County which affirmed a decision of the Zoning Hearing Board of the City of Wilkes-Barre (Board) permitting R. W. Simms and A. L. Simms and their tenant, the Health Services Management Corporation (intervenors), to operate a hospital in the city. 1679 C.D. 1982. They also appeal a separate order of the aforementioned common pleas court which granted the intervenors' petition to compel the posting of a bond pursuant to Section 1008(4) of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11008(4). 2310 C.D. 1982.

## 1679 C.D. 1982

The application of the intervenors sought permission to use the premises for the treatment of individuals suffering from mental problems, the site hav-

ing previously been used as a general hospital providing medical and surgical services. The intervenors proposed minor internal changes in the building, but no external structural changes, and the Board concluded that their proposal was for a continuation of a non-conforming pre-existing use and approved the application. The common pleas court affirmed and the instant appeal followed.

Our scope of review where, as here, the trial court took no additional evidence, is to determine whether or not the zoning authorities abused their discretion or committed an error of law. *Appeal of Conners*, 71 Pa. Commonwealth Ct. 213, 454 A.2d 233 (1983). The appellants argue that the Board did err in that the intervenors' proposed facility is not a hospital (the prior non-conforming use) but rather an entirely separate use, that is, a treatment facility for the mentally disturbed.

In support of their contention that a facility for the treatment of psychiatric problems is not a hospital, the appellants cite to two legislative definitions of "hospital." Section 802.1 of the Act of July 19, 1979, P.L. 130, added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.802a, relating to the licensing of health care facilities, defines "hospital" as:

> An institution having an organized medical staff which is primarily engaged in providing to inpatients, by or under the supervision of physicians, diagnostic and therapeutic services for the care of injured, disabled, pregnant, diseased or sick or mentally ill persons, or rehabilitation services for the rehabilitation of injured, disabled, pregnant, diseased or sick or mentally ill persons. The term includes facilities for the diagnosis and treatment of disorders within the scope of specific medical specialties, *but not facilities caring exclusively for the mentally ill.* (Emphasis added.)

Moreover, Section 1001 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §1001 states that:

> "Hospital" means any premises, *other than a mental health establishment* as defined herein, operated for profit, having an organized medical staff and providing equipment and services primarily for inpatient care for two or more individuals who require definitive diagnosis and/or treatment for illness, injury or other disability or during or after pregnancy, and which also regularly makes available at least clinical laboratory services, diagnostic x-ray services and definitive clinical treatment services. The term shall include such premises providing either diagnosis or treatment, or both, for specific illnesses or conditions. (Emphasis added.)

Although the legislature has chosen, in these two statutes, to remove mental health establishments from the definition of hospital, we do not believe that these statutory pronouncements really have any relevance to the proceeding at bar. The definitions above-quoted relate only to specific areas of the law of the Commonwealth, and have no control over general land use questions in the City of Wilkes-Barre.

We agree with the Board and the trial court, therefore, that the proposed use here is a continuation of a lawful pre-existing non-conforming use. We will not construe the term "hospital" narrowly as the appellants would have us do, but broadly so as to include a facility for the treatment of any illness, whether the etiology is physical or mental.[1]

---

[1] Webster's Third New International Dictionary defines "hospital" as:

2. A charitable institution for the needy, aged, infirm or young.... 3a. An institution or place where sick or injured persons are given medical or surgical care....

*Id.* at 1093 (1966).

*Naimoli v. Zoning Hearing Board*, 56 Pa. Commonwealth Ct. 337, 425 A.2d 36 (1981), offers an analogy to the case at bar. In *Naimoli*, this Court affirmed a zoning board decision to allow the landowners to replace a pre-existing non-conforming radio tower with a fiberglass disc for the reception of cable television signals. Judge CRAIG, writing for the Court, held that:

> [T]his court, like the lower court, defers to the expertise of the board in concluding that the erection of a cable television tower was a continuation or, at most, an extension of the nonconforming communication system use.

*Id.* at 343, 425 A.2d at 39-40.[2] Here, we believe that the Board correctly assessed the intervenors' application and we will, therefore, affirm.

### 2310 C.D. 1982

The intervenors petitioned the trial court to compel the posting of bond pending appeal to this Court. Section 1008(4) of the MPC, 53 P.S. §11008(4) provides:

> (4)   The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to

---

[2] *See also Lawrence v. Zoning Hearing Board of Lower Gwynedd Township*, 19 Pa. Commonwealth Ct. 128, 338 A.2d 779 (1975) (change from kennel used primarily for breeding to kennel used principally for boarding is not a material change in use, and therefore boarding kennel is protected as continuation of prior nonconforming use).

proceeding with the appeal. *After the petition is presented the court shall hold a hearing to determine if the filing of the appeal is frivolous and is for the purpose of delay.* At the hearing evidence may be presented on the merits of the case. After consideration of all evidence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition. The *right to petition the court to order the appellants to post bond may be waived by the appellee but such waiver may be revoked by him if an appeal is taken from a final decision of the court.* The question of the amount of the bond shall be within the sound discretion of the court. (Emphasis added.)

The appellants argue that the trial judge was without jurisdiction to enter the bond order after the appeal had been filed with this Court.

It *is, of course,* well-established as a general rule that the trial court may no longer proceed in a matter after an appeal is filed. *Grove v. Zoning Hearing Board of Thornbury Township*, 40 Pa. Commonwealth Ct. 47, 397 A.2d 22 (1979). Section 1008(4) of the MPC, however, creates a specialized exception to that general rule. *Marlowe v. Zoning Hearing Board of Haverford Township*, 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980). And here, although the intervenors initially waived their Section 1008(4) rights in the interim between the Board decision and that of the trial court, the statute specifically allows a revocation of that waiver. We must conclude, therefore, that the trial court's action was lawful and within its jurisdiction.

The appellants next argue that the trial court erred in finding that this appeal was frivolous and taken for the purpose of delay. The trial court noted that this

question was one of first impression, stated that what was "frivolous" was a relative matter, and then weighed the actual financial hardship to the intervenors against the nature of the appeal and concluded the appeal was frivolous. We believe, however, that this balancing test was not the proper one for determining whether or not an appeal is frivolous.

A frivolous appeal is "one in which no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." Black's Law Dictionary 601 (5th ed. 1979). We believe the trial judge erred in using a relative, balancing approach to this problem, and, although we today affirm the trial judge on the substantive issues presented in 1679 C.D. 1982, we cannot hold that the appeal was readily recognizable as devoid of merit. We will reverse the order of the trial court and order that the bond be dissolved.

## ORDER IN 1679 C.D. 1982

AND, Now, this 1st day of September, 1983, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.

## ORDER IN 2310 C.D. 1982

AND, Now, this 1st day of September, 1983, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby reversed and the bond posted by the appellants dissolved.