DISSENTING OPINION BY
Judge McGINLEY.
I respectfully dissent to the Majority’s conclusion that ‘Walters possesses standing to appeal because he sufficiently participated during the ZHB proceedings and acquired the status of a party;” Opinion at 485. Although the majority makes a compelling case in favor of standing, I believe that the specific facts of this record do'not support such a determination.[1]
*486 Walters appeared before the ZHB with Pegasus’ attorney, Michael S. Grab, and announced:
And as Mr. Grab has indicated, this is a different submission[2] and includes the removal of the presently-existing lattice tower maintained by Service Electric. As a result the ... planned removal of that tower, and the outbuildings which are located at the base of it, it will open up a large area in the woods where there will be a direct view of the new tower into the residential properties, which are our property, plus properties immediately to our east.
After I was able to secure a copy of the plan, the parties have agreed to enter into a stipulating condition that provides for the placement of additional screening in that particular area. And also, provides for the developer to maintain that screening, as per the specific stipulated condition that we’ve, prepared.
And with your approval, what I’d like to do is submit a copy to the Chairperson, and also to the solicitor. And we jointly would request that stipulated condition be included in ... both the application, and should the Zoning Hearing Board grant the relief requested tonight. (Emphasis added.)
Hearing Transcript (H.T.), November 19, 2012 at 14-15; Reproduced Record (R.R.) at 35a-36a.
Additionally, Walters again addressed the ZHB as a witness and offered the following “comments”:
Well, ... I can’t resist malting some comments since I think about thirteen months ago we were all here and went through several hours of this.
Mario [Calabretta] made a statement relating to the fact that the closer you get to the tower the less prominent it is and the less you would see it. And I would like to submit — and Mike, I’ll have to get a copy of this, because I didn’t plan to submit this tonight.
This is a photograph of standing in my side yard ... [a]nd what you’ll see is a tower that surpasses the entire tree line right next to my property.
And of course this photograph was taken, as was the photographs that were submitted to you, before the storms of last Halloween and the storm of several weeks ago, when a whole series of trees and the woods have come down since then.
So, this ... shows how prominent this tower is now, how prominent the new tower would be.
So I would like to submit this as an exhibit, and I’ll provide a copy to counsel. And those are the only comments that I have. (Emphasis added.)
H.T. at 65-66; R.R. at 86a-87a.
Here, Walters was notified of the hearing and appeared at the hearing with Pegasus’ attorney. Walters joined in the Application filed by Pegasus contingent on the condition that the Stipulated Agreement, prepared jointly with Pegasus, would be incorporated in Pegasus’ Application for consideration by the ZHB. The ZHB did just that:
... [Djocuments ... relative to screening and, in that removal of the existing *487 tower will ‘open’ a view to the proposed monopole to/from his property, the Appellant [Pegasus] has agreed to install and maintain additional screening so as to block that view to the greatest extent possible, which documentation! agreement he requested be attached as a condition/stipulation to any approval the Board [ZHB] may grant.... (Emphasis added.)
Zoning Board’s Notice of Decision, December 17, 2012, Finding of Fact (F.F.) No. 8 at 2.
Again, the record clearly established that Walters never raised any objection to Pegasus’ Application at the hearing even though he had ample opportunity to do so. Walters’ participation at the hearing never exceeded that of a “mere witness.” See Naimoli v. Zoning Hearing Board of Chester et al., 56 Pa.Cmwlth. 337, 425 A.2d 36, 38 (1981). In essence, Walters’ participation at the hearing can only be characterized as a friend and not as a foe.
I believe that the common pleas court got it right when it determined that Walters lacked standing.[3] I would affirm.

. Essentially, Walters asserted that his standing was based upon the following: 1) Walters was present at the hearing and was sworn in as a witness; 2) Walters provided testimony at the beginning of the hearing and at the conclusion of Pegasus’ witnesses’ testimony; 3) Walters stated that the stipulation concerning the screening should be made a condition of the ZHB’s approval; 4) Walters introduced a photograph (Exhibit 0-1) depicting the current condition of his property which was received and made part of the record; and 5) the ZHB clearly recognized that Walters had a direct interest in the case. See Amended Brief of Thomas L. Walters and Nancy Walters at 13.
Pegasus responded: 1) Walters! participation at the hearing was not to object to Pegasus’ application but was limited to "mak- . ing some comments”; 2) Walters mischarac-terized his participation as "testimony” when in fact, the record reveals that Walters’ státe-ments were mere comments offered to the ZHB for its consideration; 3) Walters failed to raise any objection to the zoning application either by letter to the ZHB prior to the hearing or by active participation at the hearing; and 4) to the contrary, Walters explicitly expressed his support of Pegasus’ application by proffering to the ZHB a stipulated condition entered into with Pegasus for its approval which required the additional landscape screening. See Brief for- Pegasus Tower Co., LTD at 12-13 and 15.

. “Previously Pegasus had applied to the zoning board for a variance to construct a tower on this parcel of land nearby the existing tower. (R. 28a). Thomas Walters testified at that hearing and the zoning board denied the application.” Amended Brief of Thomas L. Walters and Nancy L. Walters at 5. At the prior hearing, Walters appeared with legal counsel "to strenuously object to the prior application brought by Pegasus....” Brief of Zoning Hearing Board of the City of Easton at 9.

. The common pleas court noted that "[w]ith-in the context of zoning decision, substantive [standing] concerns whether a party is 'aggrieved' by a particular decision.... It would seem likely that Appellants [Walters] indeed have substantive standing in this matter. However, regardless of their aggrieved status in this case, at issue is Appellants’ [Walters'] lack of-procedural standing.” Opinion of the Common Pleas Court, June 30, 2014, at 3. (Citation omitted.)