Garnet Valley School District, Appellant, *v.* John Hanlon, parent and natural guardian of Mary Ann Hanlon and Carol Hanlon, Minors; Frank T. Mace, parent and natural guardian of Frank Mace, Michael Mace and Theresa Mace, minors; and Joan A. Connors, parent and natural guardian of Patrick J. Connors and Brian F. Connors, minors, Appellees.

Argued September 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph W. Kauffman*, with him *Cramp, D'Iorio, McConchie & Surrick*, for appellant.

*Francis P. Connors*, with him *Lewis-Connors-Swanick*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., October 17, 1974:

The directors of Garnet Valley School District in Pennsylvania refused to provide transportation of the minor plaintiffs to the schools which they attended in the State of Delaware under Section 1361 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended*, 24 P.S. §13-1361. In a complaint in equity

the plaintiffs sought to: (1) enjoin the defendant school district from refusing to provide free transportation for the minor plaintiffs; and (2) to compel the defendant school district to reimburse the parents of the minor plaintiffs for monies already expended for the transportation of their children to school. Preliminary objections were filed, defendant claiming that plaintiffs had a full and adequate remedy at law in mandamus. The court *en banc* overruled the objections. Hearings on the merits of the injunction were held and in a very able opinion, Judge Edward LAWHORNE granted the preliminary injunction. Exceptions from the decree nisi were taken and dismissed. This appeal followed.

We adopt the well reasoned but as yet unreported opinion of Judge LAWHORNE which states:

## "FINDINGS OF FACT

"1. Plaintiff John Hanlon is the parent and natural guardian of Mary Ann Hanlon and Carol Hanlon, minors; all of said plaintiffs reside at Scott Road, Concord Township, Delaware County, Pennsylvania.

"2. Plaintiff Frank T. Mace is the parent and natural guardian of Frank Mace, Michael Mace and Theresa Mace, minors; all of said plaintiffs reside at 126 Woodrose Lane, Concord Township, Delaware County, Pennsylvania.

"3. Plaintiff Joan A. Connors is the parent and natural guardian of Patrick J. Connors and Brian F. Connors, minors; all of said plaintiffs reside at 133 S. Ivy Lane, Concord Township, Delaware County, Pennsylvania.

"4. Defendant Garnet Valley School District is a school district created under the laws of the Commonwealth of Pennsylvania, with its principal office located at Bethel and Smithbridge Roads, Concord Township, Delaware County, Pennsylvania; said school district encompasses the geographical boundaries of the Bor-

ough of Chester Heights and the Townships of Concord and Bethel, all of which are in Delaware County, Pennsylvania.

"5. Plaintiffs Mary Ann Hanlon and Carol Hanlon are presently attending Ursuline Academy, a high school not operated for profit and located at 1106 Pennsylvania Avenue, Wilmington, Delaware.

"6. Minor plaintiffs Frank Mace, Michael Mace and Patrick J. Connors and Brian F. Connors are presently attending Salesianum High School, which is a high school not operated for profit and located at 1801 North Broom Street, Wilmington, Delaware.

"7. Minor plaintiff Theresa Mace is presently attending Padua Academy, a high school not operated for profit and located at 9th and Broom Streets, Wilmington, Delaware.

"8. All of the aforesaid high schools in Wilmington, Delaware, are less than ten miles from the boundaries of the Garnet Valley School District.

"9. The defendant school district is presently busing resident high school pupils to St. James High School, Notre Dame High School and Bishop Shanahan High School, which high schools are located, respectively, in Chester, Moylan and West Chester, Pennsylvania, and which are also high schools not operated for profit and located less than ten miles outside the boundaries of the defendant school district by the nearest public highways. The school district has offered the same service to children attending grade schools not for profit.

"10. The defendant school district by its Board of School Directors has refused to provide free transportation for the plaintiff pupils.

"DISCUSSION

"At the outset it must be noted that this case does not involve any constitutional considerations whatso-

ever under the free exercise or anti-establishment clauses of the First Amendment of the Federal Constitution. Any constitutional objections to the busing of children to non-public schools were disposed of in Rhoads v. School District of Abington Township, 424 Pa. 202, 226 A. 2d 53 (1967); cert. denied, 389 U.S. 846, 88 Sup. Ct. 36, appeal dismissed, 389 U.S. 11, 88 Sup. Ct. 61.

"Rather, we are dealing with a narrow issue of statutory construction. The statute in question is Sect. 1361 of the Public School Code of 1949, as amended, 24 P.S. Sect. 13-1361, which provides as follows: 'The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the kindergarten, elementary school, or secondary school in which he is lawfully enrolled, *provided that such school is not operated for profit and is located within the district boundaries or outside the district boundaries at a distance not exceeding ten miles by the nearest public highway,* . . . and to and from any points in the Commonwealth in order to provide field trips for any purpose connected with the educational pursuits of the pupils. When provision is made by a board of school directors for the transportation of public school pupils to and from such schools or to and from any points in the Commonwealth in order to provide field trips as herein provided, the board of school directors *shall also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools or to and from any points in the Commonwealth in order to provide field trips as herein provided.* . . .' (Emphasis supplied.)

"Insofar as the regular busing of children is concerned, the Act states no requirement that the ten mile limitation upon children attending schools not for

profit is limited to the confines of the Commonwealth. Indeed there would be no logic for such a position since the cost base is the same regardless of whether the children are transported from Concord to Chester or to Wilmington. It is not for the Court to add to a statute by interpreting a requirement which the legislature did not see fit to include. Commonwealth v. Rieck Investment Corp., 419 Pa. 52; Altieri v. Allentown Officers & Employees Retirement Board, 368 Pa. 176.

"What has happened here is that the school district has been following guide lines laid down by the State Department of Education which are to the effect that nonpublic school children transportation shall not be paid for the ten mile statutory distance unless the school district is providing transportation across state lines for public school students also. Unfortunately, this interpretation of the Act does not bear the imprimatur of the Attorney General nor does it cite any basis. It has no weight whatsoever in a court of law standing by itself and particularly is this so when no rationalization for its existence is advanced.

"On the other hand, it does accept that there may be certain instances where transportation across state lines is permissible for public students thereby carrying with it transportation for nonpublic students—a peculiar result.

"If this Court has the power to enforce this statute beyond the confines of this Commonwealth, then it is bound to do so.

"The case of Cohn v. Weiss, 356 Pa. 78, is authority for the proposition that when a Court acts in personam it is not restricted by geographical boundary lines; where a Court of Equity has jurisdiction of the person of the defendant (as it has in the instant case), it may render any appropriate decree acting directly on the person even though the subject matter affected is outside the jurisdiction; a decree does not operate directly

on a res which is beyond the territorial jurisdiction of the Court but the Court may coerce action respecting it. For further illustration of the use of this legal fiction see Simpson v. Simpson, 404 Pa. 247, Drummond v. Drummond, 402 Pa. 534.

"The defendant has raised the objection of the cost of compliance and the difficulty thereof because of conflicting laws on bus drivers' qualifications, insurance, etc. Obviously these are not seriously advanced since the Salesianum bus system has operated, presumably legally, within our confines for some time now and certainly the defendant could learn to comply with Delaware requirements.

"Another objection to this suit raised by the defendant is that it is not properly brought as a class action. Pennsylvania Rules of Civil Procedure 2230 provides for such an action if the class is too numerous to make it impractical to join all as parties. Here the testimony on behalf of the superintendent of schools of the defendant showed that the defendant knew that there were exactly thirty children within the class, knew the schools that each attended, and knew the identity, or could ascertain the identity, of each one of them. While plaintiffs' suit was commenced for seven of these children so that it might not be impossible to require the jointure of the remaining twenty three as parties plaintiff, still that type of action by the Court would be niggling and we refuse to enter into it. The matter in question is squarely before this Court for decision, all possible parties plaintiff who wish to join in the benefits of this action shall be construed to have done so.

"However, while the testimony concerning the seven children actually before the Court indicated that they or someone on their behalf were paying $15.00 per month for the Salesianum transportation, we do not know the expenses of the remaining children but

feel that the defendant can ascertain the proper sum without undue difficulty.

"We therefore make the following:

## "Conclusions of Law

"1. The Court has jurisdiction of the subject matter and parties to this litigation.

"2. The plaintiffs standing alone are proper representatives of a class eligible to bring suit against the defendant.

"3. The defendant is required to pay the cost of transportation of any resident pupil to and from the kindergarten, elementary school or secondary school in which it is lawfully enrolled provided that such school is not operated for profit and is located within the district boundaries or outside the district boundaries, regardless of location within this Commonwealth, at a distance not exceeding ten miles by the nearest public highway.

"4. Defendant is ordered to reimburse to all members of plaintiffs' class who desire such reimbursement the cost for the transportation described in Conclusion of Law 3 hereof to date.

"5. Defendant is ordered to provide transportation for the plaintiffs in the future by any means it deems appropriate.

"6. This decree nisi shall be lodged with the Prothonotary and shall become final unless exceptions thereto are filed within twenty days."

Affirmed.

President Judge Bowman dissents.