## Private School Field Trips

KANE, Attorney General, YAKOWICZ, Solicitor General, and RAINS, Deputy Attorney General, December 30, 1976—You have requested that we advise you on several questions regarding the interpretation of the "field trip" provisions of the amendment of December 29, 1972, P.L. 1726 (No. 372), of the Public School Code of March 10, 1949, P.L. 30, 24 P.S. §13-1361 (hereinafter "Act 372"), which will be answered seriatim:

(I) Does Act 372 require a school district to provide "identical" field trip transportation for non-public school children as is provided for public school pupils?

(II) Is a public school district obligated to provide field trip transportation for all pupils enrolled in the nonpublic schools located within the district

or only those pupils who are residents of that same public school district?

(III) May a school district, or districts, contract with an intermediate unit for field trip transportation for nonpublic schools?

*I. Does Act 372 require a school district to provide "identical" field trip transportation for nonpublic school children as is provided for public school pupils?*

A school board may, out of district funds, provide for free transportation of resident pupils to and from any point in the Commonwealth to provide field trips for any purpose connected with the educational pursuits of the pupils.

A field trip may be defined as a nonproprietary excursion authorized as an integral part of the school's instructional program and provided under the planning and supervision of a professional employe of the school district (or, in the case of nonpublic schools, by a qualified nonpublic school employe). Field trips may be provided for one, many, or all segments of the school district's student body.[1] As such, the term "field trip" shall not

1. Field trips may be authorized by the school board for pupils in a single grade, e.g., all fifth graders may be scheduled for field trips related to a study of municipal services. Field trips may be authorized for a single segment of pupils, e.g., all secondary pupils may be scheduled for field trips to art galleries and museums. The local school board has the discretion to schedule some field trips or none. By authorizing field trip transportation for one segment of the public school population, the board does not discriminate against another segment of the public school pupil population for whom no such field trips are scheduled. This is a matter of discretion for the school board. However, if field trip transportation is authorized for one segment of the public school population, then

include transportation of pupils for activities which are not an integral part of the school's instructional program. For example, pupil-spectators may not be transported to varsity or intermural athletic contests under cover of "field trip" legislation.

Act 372 requires that when field trips are provided for public school pupils they must also be provided for nonpublic school pupils.

"When provision is made by a board of school directors for the transportation of public school pupils . . . to and from any points in the Commonwealth in order to provide field trips as herein provided, the board of school directors shall also make *identical* provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from . . . any points in the Commonwealth in order to provide field trips as herein provided." (Emphasis supplied.)

"Identical" is not defined in Act 372. Absent any definition of this term in Act 372, the normal rules of statutory construction apply and the statute will be read so as "to ascertain and effectuate the intention of the General Assembly . . . [and] to give effect to all its provisions": 1 Pa. C.S. §1921.

Since nonpublic schools are not required by the State to teach a curriculum geared to specific grade levels, the field trips scheduled for pupils at a certain grade level in public school may not correspond to the curriculum experiences of pupils at the same grade level in nonpublic schools. For example, the directors of a public school district

field trip transportation must be scheduled for the comparable segment of the eligible nonpublic school population. Accord, Attorney General's Opinion No. 56 of 1974, 4 Pa. B. 2473.

may authorize a field trip to a dairy farm for all public school pupils in the third grade because the third-grade science and social studies curricula have a unit of study which focuses on agriculture. However, eligible third graders in nonpublic schools[2] served by the public school district pursuant to Act 372 may have curricula which focus on manufacturing rather then agriculture. Consequently, an "identical" field trip, i.e., a trip to a dairy farm, would be of limited value to the nonpublic school pupils in third grade and, in fact, if these pupils were released from their regularly scheduled classes to participate in the field trip, it might even be a disruption of their educational process. Common sense dictates that "identical" need not and probably should not mean the same trip, on the same day, at the same time, to the same place.

For purposes of this act, it is our opinion, and you are so advised, that "identical provision for free transportation" shall mean that approximately the same dollar amount per pupil shall be spent for nonpublic school students as for their public school counterparts in the same district. This will enable the nonpublic school's professional employes to arrange for transportation for meaningful field trips for their pupils which can be coordinated with their own curriculum offerings. The planning and implementation for these field trips should be effectuated in a way which safeguards the con-

---

2. To be eligible, the pupil must attend a nonpublic school which is a ". . . kindergarten, elementary school, or secondary school . . . not operated for profit . . . located within the [public school] district boundaries or outside the district boundaries at a distance not exceeding ten miles by the nearest public highway . . ." Act 372, 24 P.S. §13-1361.

stitutional limitations put on such services by the United States Supreme Court in the recent case of Meek v. Pittenger, 421 U.S. 349, 95 S.Ct. 1753 (1975). This can be done readily by publication of Department of Education standards which should be promulgated in the Pennsylvania Bulletin.

*II. Is the public school district obligated to provide field trip transportation for all pupils enrolled in the nonpublic schools located within the district or only those pupils who are residents of that same public school district?*

Each public school district that provides field trip transportation for its residents who are enrolled in nonpublic schools should do so on a per capita basis. Any given nonpublic school that has pupils who are eligible for field trip transportation pursuant to Act 372 may have a pupil population which is drawn from two or more different public school districts. The obligation of a public school district to provide field trip transportation for nonpublic school pupils benefits the pupils directly and does not accrue to their nonpublic school per se. Consequently, the administrators of nonpublic schools, who seek to schedule field trip transportation for their eligible pupils, must look to the individual pupil's district of residence not to the public school district in which the nonpublic school building is geographically situated.

However, the public school district may sponsor a field trip for a nonpublic school located in the district in which all eligible pupils enrolled in the nonpublic school may participate even though the sponsoring district is not their district of residence. In such cases, the district of residence can be backcharged by the district providing the service

for the cost of transportation of their students by dividing the number of students participating in the field trip into the total cost of providing such trip. Procedures for this and similar cooperative efforts are spelled out below. However, if the district of residence does *not* provide field trips for public school pupils, it has no obligation to provide or pay for field trip transportation for the nonpublic pupils in question.

*III. May a school district, or districts, contract with an intermediate unit for field trip transportation for nonpublic schools?*

Public school administrators may provide for the mandated transportation of nonpublic school pupils either by reimbursing, subject to audit, nonpublic schools the appropriate amount for their eligible pupils or by actually arranging for field trip transportation for nonpublic school pupils. In planning field trip transportation for nonpublic school pupils, public school administrators should be cognizant of the fact that nonpublic school pupils frequently are residents of a number of different public school districts as stated above. To make efficient use of public school district resources and to provide nonpublic school pupils with transportation for field trips that are an integral part of their curriculum and instructional program there must be cooperation between the professional personnel of both the public and nonpublic schools.

Furthermore, there is nothing in the School Code to prevent public school district officials from (1) cooperating with one another, (2) hiring a private contractor or vendor, or (3) requesting the services of the local intermediate unit to devise and deliver

a program of field trip transportation for nonpublic school pupils.

Some examples to illustrate the kinds of cooperation that are permissible under existing statutes are the following:

*Example 1.* Joint action among school districts:

Where the pupils of a nonpublic school are to take a field trip and these pupils are residents of two or more public school districts, these districts may take joint action to arrange the necessary transportation and each of the several school districts can then share the per capita cost of the field trip. Section 521 of the Public School Code of 1949, P.L. 30, provides:

"Each board of school directors shall have power to enter into agreements with other political subdivisions, in accordance with existing laws, . . . in performing governmental powers, duties, and functions, and in carrying into effect provisions of law relating to said subjects, which are common to all such subdivisions": 24 P.S. §5-521.

Thus, the cooperating districts could hire a bus contractor to provide the transportation services and prorate the costs amongst themselves, or one of the cooperating districts could provide the service with district owned equipment and charge back the costs of each of the other cooperating districts. Likewise, the professional service necessary to coordinate the academic planning for the field trip could be provided by one of the cooperating public school districts.

*Example 2.* Intermediate units as coordinators:

Intermediate units may convene a meeting of representatives of member school districts and nonpublic schools to devise a plan for the provision of transportation for field trips for nonpublic school

pupils. The School Code is explicit in making this authorization:

"Nothing contained herein shall prohibit intermediate units from receiving funds from school districts and other sources including nonpublic nonprofit schools and expending such funds to provide additional services not included in the approved program of services": 24 P.S. §9-957.

The intermediate unit can contract for specialized services, 24 P.S. §9-964(8), such as field trip transportation and may also provide for and conduct programs of services authorized by the State Board of Education, including services performed under contract with component school districts, 24 P.S. §9-964(7).

*IV. Other questions have been raised previously in administering Act 372 and our answers to these also apply to the implementation of the field trip provisions of the statute.*

A. *Question:* If an otherwise eligible nonpublic school pupil is attending a school located outside the boundaries of a public school district but within a ten mile radius of the school district's perimeter, is that pupil entitled to transportation under Act 372?

*Answer:* Yes. The statute makes eligible by specific reference, pupils in nonpublic schools located ".... outside the district boundaries at a distance not exceeding ten miles . . ." See Attorney General's Opinion No. 61 of 1973, 3 Pa. B. 1809.

B. *Question:* Are pupils attending nonpublic schools located within the ten-mile statutory limitation eligible for Act 372 services if the nonpublic school is located outside of Pennsylvania in a neighboring state?

*Answer:* Yes. This question was litigated by the Garnet Valley school district and in an opinion which was affirmed by the Commonwealth Court of Pennsylvania, the court below held:

". . . the Act states no requirement that the ten mile limitation upon children attending schools not for profit is limited to the confines of the Commonwealth. Indeed there would be no logic for such a position since the cost base is the same regardless of whether the school children are transported from Concord to Chester or to Wilmington [Del.]": Garnet Valley School District v. Hanlon, 15 Pa. Commonwealth Ct. 476, 480-81, 327 A. 2d 215, 217 (1974).

C. *Question:* If a school district provides field trip transportation, and may also provide for and provide field trip transportation for nonpublic school children?

*Answer:* Yes. Act 372 provides for transportation services for nonpublic school children[3] if such services are provided for public school children. However, "[t]he power granted to school districts under this section is plenary, absent a showing of bad faith or abuse of discretion. The Act . . . does not require a school district to provide any free transportation at all to any pupils. All that Act 372 does

3. In the Garnet Valley case, the court said: " 'At the outset it must be noted that this case does not involve any constitutional considerations whatsoever under the free exercise or anti-establishment clauses of the First Amendment of the Federal Constitution. Any constitutional objections to the busing of children to non-public schools were disposed of in Rhoades v. School District of Abington Township, 424 Pa. 202, 226 A. 2d 53 (1967); cert. denied, 389 U.S. 846, 88 Sup. Ct. 36 (sic), appeal dismissed, 389 U.S. 11, 88 Sup. Ct. 61.' " Garnet Valley School District v. Hanlon, 15 Pa. Commonwealth Ct. 476, 479, 327 A. 2d 215, 217 (1974).

requires is that, if the school board elects to provide busing, it must be provided to public and nonpublic school pupils alike": Roberts v. Board of School Directors of the School District of Scranton, 462 Pa. 464, 470, 341 A. 2d 475, 479 (1975).

In summary, Act 372 requires a school district to provide field trip transportation for nonpublic school pupils if field trip transportation is provided for public school pupils.