## Cramer v. Getz

*T. Michael Poxon*, for plaintiffs.
*Sheridan P. Hunt, Jr.*, for defendants.

DWYER, *J.*, June 6, 1979—On March 14, 1977, pursuant to plaintiff's motion for certification of class action and defendants' response thereto, this

court entered an order whereby it granted plaintiff's motion and allowed said action to proceed as a class action in accordance with Pa.R.C.P. 2230. Rule 2230 was subsequently rescinded and on September 1, 1977, Rules 1701 through 1716 became effective. Rule 1710 permits the court to revoke an order of certification prior to a decision on the merits. Defendant in the instant case subsequently filed a motion for revocation of a certification of class action to which plaintiff has filed an answer. It is said motion which is presently before this court. This court, having duly considered the same and all supporting and opposing papers, and the exhibits attached thereto, as well as the hearing on the merits of said motion held on April 19, 1978, now makes the following findings of fact with respect thereto:

## A. FINDINGS OF FACT

I. Plaintiff instituted this action on behalf of himself and all other employes of David Getz Buick, Inc. who were such from July 1, 1968, onward and who had any interest in the David Getz Buick, Inc. profit sharing plan.

II. During the course of his employment, plaintiff served as controller of David Getz Buick, Inc.

III. A class exists within the meaning of Pa.R.C.P. 1702 consisting of all employes of David Getz Buick, Inc. who at any time, from July 1, 1968, onward, had any interest in the David Getz Buick, Inc. profit sharing plan.

IV. The members of the class are approximately 25 in number and the class is so numerous that joinder of all members thereof is impracticable.

V. There are questions of law and fact common to the class, including the central issue of whether or not defendants, as trustees of said profit sharing

plan, made a series of investments which were not proper, appropriate, or prudent for said profit sharing plan, and whether a $10,000 distribution to a beneficiary was improper.

VI. The claims of the representative party, named plaintiff herein, are typical of the claims of the class in that plaintiff herein is a participant in the plan and any violation of defendant's fiduciary duty as to said plan would effect each and every participant in the plan. The trustees' defenses to said allegations would be similar as to all members of the class. The relief sought is to surcharge the trustees if they are found to have violated their fiduciary duty and have such amount paid to the trust fund for distribution after a proper accounting. There is no conflict between plaintiff and any individual class members as to the subject matter of this litigation.

VII. Plaintiff is represented by experienced and qualified counsel and will fairly and adequately assert and protect the interests of the class. Plaintiff does not have a conflict of interest in the maintenance of this class action and plaintiff has adequate financial resources to prosecute this claim.

VIII. The questions of law and fact common to the members of the class predominate over any other questions affecting only individual members and a class action would provide a fair and efficient method for adjudication of the controversy.

IX. No significant difficulties are likely to be encountered in the management of the action as a class action.

X. The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of

the class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

XI. No other litigation concerning this controversy has been commenced or is pending in any other court.

XII. This court is an appropriate forum for the litigation of the claims of the entire class.

XIII. In light of the complexities of the issues and the expenses of litigation, the separate claims of the individual class members are insufficient in amount to support separate actions.

## B. *ACCORDINGLY*, IT IS ORDERED AND ADJUDGED THAT:

I. The motion of the named defendants to revoke the certification of the instant case as a class action is denied.

II. This court's order of March 14, 1977, is to remain in force and this action shall be maintained as a class action, said class consisting of all employes of David Getz Buick, Inc. (a Pennsylvania corporation doing business in and having its principal office in Philadelphia, Pennsylvania) who, at any time from July 1, 1968, onward, had any interest in the David Getz Buick, Inc. profit sharing plan.

III. Plaintiff is directed to send notice to all members of the class as defined in A(III) who can be identified with reasonable effort, by first class mail, in the form submitted by plaintiff which, after consideration of the objections to same by defendant, is approved by this court and a copy of which is attached hereto as Exhibit A, and by an appropriate

notice in the Legal Intelligencer and every member of said class is included unless by August 1, 1979, a member files of record a written election to be excluded from the class.

## C. DISCUSSION OF LAW

Defendant, in his motion to revoke certification, has raised only two issues, namely: (1) is the class so numerous that joinder of all members is impracticable and, (2) can plaintiff fairly and adequately assert and protect the interest of all members of the class?

### 1. Numerosity Requirement

According to the Civil Procedural Rules Committee, the new class action rule adopted by Pennsylvania on June 30, 1977, effective September 1, 1977, incorporates the best features of Federal Rule 23 and the Uniform Class Action Act approved by the Commissioners on Uniform State Laws in August, 1976. It also contains novel features not found in the Federal Rule or Uniform Act.

Garnet Valley School District v. Hanlon, 15 Pa. Commonwealth Ct. 476, 327 A. 2d 215 (1974), is a case cited by the committee as having precedential value insofar as it was decided under the former class action rule but is consistent with provisions under the new rule. In that case, a class was upheld in a suit by seven school children to compel the school district to provide transportation to Delaware schools even though it would have been possible to join the remaining twenty-three children in the class as parties.

No specified number of members of class is needed to maintain a class action under Fed.R.C.P. 23.

In Cypress v. Newport News General and Non-sectarian Hospital Association, 375 F. 2d 648 (4th Cir. 1967), an action by a Negro physician for injunction against racially discriminatory policies and practices of a publicly supported hospital was properly brought on behalf of, not only two individual Negroes who had been denied staff privileges, but as class action on behalf of all the 18 Negro physicians practicing medicine in the area and those Negroes who would desire to practice medicine in the area if racial bars were removed. The court was of the opinion that 18 is a sufficiently large number to constitute a class in the circumstances of the case and since no specific number is needed to maintain a class action under Fed.R.C.P. 23, application of the rule is to be considered in light of the particular circumstances of the case.

In Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D.Pa. 1968), the fact that probably not more than 25 of 43 nonprofit electric cooperative corporations made substantial purchases of brass mill tube and pipe did not preclude maintenance on their behalf of class anti-trust treble damages action against the sellers. The court rejected the contention that the number was so small that individual joinder would be practicable. The court's opinion stated that while 25 is a small number compared to the size of other classes being considered in the suit, it is a large number when compared to a single unit and there was no necessity for encumbering the judicial process with 25 law suits if one will do.

In this court's opinion, the judicial process is best served by allowing the case to proceed as a class action.

## 2. The Named Plaintiff Can Adequately Represent the Members of the Proposed Class.

In Redmond v. Commerce Trust Co., 144 F. 2d 140, 151 (C.A. 8 Mo. 1944), cert. den. 323 U.S. 776, 89 L.Ed 620, 65 S.Ct. 187 (1944), reh. den. 323 U.S. 819, 89 L.Ed. 650, 65 S.Ct. 557 (1945), the class action involved an action by beneficiaries to preserve and distribute a trust fund. The court stated: "Rule 23(a) requires that those bringing a class action shall be such 'as will fairly insure the adequate representation of all.' Such representation is not present when there is antagonism of interests within the alleged class as to the subject matter. But this antagonism must be as to the subject matter of the suit." The court went on to state that: "The possible situation that the beneficiaries may have divergent views as to their several undivided rights in the distribution of a trust fund which is alleged to be insufficient to pay all in full does not prevent this being a class action. The preservation of the trust fund is the prime jurisdictional consideration . . ."

Thus, the conflict argument did not hold up as there was no conflict regarding the prosecution of the action against defendant.

In Berman v. Narragansett Racing Association, 414 F. 2d 311, 317 (1st Cir. 1969), on remand 48 F.R.D. 333 (D.R.I. 1969), cert. den. 369 U.S. 1037, 90 S.Ct. 682, 24 L.Ed. 2d 681 (1970), on remand 324 F.Supp. 1156 (D. New Hamp. 1971), the court held that in a class action by purse winners against a racetrack, plaintiff's prayer for distribution was only ancillary to the primary relief sought and did

not affect the amount in controversy or the integrated nature of their claim. The fact that some members of the class might fail to participate in the distribution did not preclude plaintiffs, as representative members of the class comprising licensed owners of horses which had won purses at a racetrack defendant operated, from maintaining a class action against defendant to recover additional moneys due. "Antagonism that defeats a class action must go to the subject matter of the suit . . . Here, the prime consideration is the right to the fund: if plaintiffs prevail on that question, all members of the class will be benefited."

In the instant case, the predominating common issue is defendants' liability, if any, for breach of their fiduciary duty to the profit sharing plan.

Defendants allege that plaintiff, for reasons stated in averment 16a through e of their motion for revocation of certification, cannot fairly and adequately protect the members of the class. Said allegations fail to substantiate defendants' position that plaintiff does not meet the criteria as stated in Pa.R.C.P. 1702 and 1709.

Accordingly, this court hereby allows plaintiff to proceed as the representative of the class.