## Lenet v. Martin & Mark, Inc.

*Gilbert B. Abramson*, for plaintiff.
*Joel G. Kalman*, for defendant.

GAFNI, *J.*, May 3, 1982—Presently before the court are defendants' preliminary objections to plaintiffs' complaint in equity. This matter arises out of a lawsuit instituted by plaintiffs in which they seek enforcement of an agreement entered into between plaintiff Mark Lenet and defendants. In said agreement, plaintiff agreed to purchase and defendants agreed to sell all of the assets, machinery, fixtures and equipment of defendant corporation, as well as all of the real estate located at 5001 Windom Road, Bladensburg, Maryland. The agreement was entitled "Memorandum of Understanding" and was negotiated and executed by the parties in Philadelphia, Pa., on or about July 8, 1981.

Shortly after execution of the agreement, plaintiff Mark Lenet assigned a portion of his rights under said agreement to plaintiff SRS Auto and Truck Spring, Inc. Due to defendants' failure to attend the agreed-upon settlement, plaintiffs filed a complaint in equity seeking specific performance, with the Prothonotary of the Court of Common Pleas of Philadelphia County on September 14, 1981. On September 18, 1981, both defendants were served with

a true and correct copy of plaintiffs' complaint by certified mail, and true and correct copies of the affidavits of service were filed with the court on November 16, 1981.

Defendants' preliminary objections were filed on October 26, 1981. The substance of the objections appears to be two-fold. First, defendants contend that this court lacks jurisdiction over the subject matter of plaintiffs' complaint in that the assets and real estate of Martin & Mark, Inc. are situated in the State of Maryland. Second, defendants contend that this Court lacks jurisdiction over the persons of defendants in that service was not properly made in accordance with Pa.R.C.P. 1504(b) and that due process requirements of the 14th Amendment have not been met as both defendants are neither citizens or residents of the Commonwealth nor do they transact any business within, or otherwise have any business or personal connection with, this Commonwealth pursuant to 42 Pa.C.S.A. §§ 5301, 5308, 5322, 5323. As corollaries to these objections, defendants aver that venue is improperly placed in this court and plaintiffs have failed to state a cause of action upon which relief may be granted.

Defendants' first contention is that the subject matter which forms the basis of plaintiffs' complaint involves the sale of certain real estate wholly situated in the State of Maryland, along with the sale of certain assets, machinery, fixtures and equipment of a Maryland corporation, wholly situated in the State of Maryland. As such, defendants argue, this court is without jurisdiction to exercise power over such property. The court, however, disagrees with defendants' contentions. An examination of plaintiffs' complaint reveals that the subject mat-

ter which forms the basis of plaintiffs' suit is not the real estate and assets of the defendant corporation, but rather is the agreement titled "Memorandum of Understanding" executed by the parties in Philadelphia on July 8, 1981, as this is the agreement which plaintiffs request this court to specifically enforce.

It has long been held in Pennsylvania that a court of equity having jurisdiction of the person, has the authority and jurisdiction to decree specific performance of a contract for the sale of realty which is located in another state. Cohn v. Weiss, 356 Pa. 78, 51 A. 2d 740 (1947); Garnet Valley School District v. Hanlon, 15 Pa. Commonwealth Ct. 476, 327 A. 2d 215, 218 (1974) and citations therein. Thus, this court has subject matter jurisdiction to specifically enforce the memorandum of understanding dated July 8, 1981, notwithstanding that the real estate is located in Maryland, providing, of course, that the court has in personam jurisdiction over defendants, which is the gravamen of defendants' second objection.

Defendants state that the "long-arm" process, 42 Pa.C.S.A. §5322(a) and (b), used to serve defendants was inadequate to obtain in personam jurisdiction over said defendants as they lack the requisite "minimum contacts" with Pennsylvania comporting with due process. See Shaffer v. Heitner, 433 U.S. 186, 198-200 (1977); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Pennsylvania case law provides that parties to a contract may agree in advance to submit to jurisdiction of a given Court, and that the designated court then has in personam jurisdiction over the parties. Continental Bank v. Brodsky, 225 Pa. Superior Ct. 426, 311 A. 2d 676 (1973).

In this case, paragraph 12 of the memorandum of understanding* provides:

"This contract shall be construed under the Laws of the Commonwealth of Pennsylvania, and the Courts of the Commonwealth of Pennsylvania shall have exclusive jurisdiction over this memorandum and the Agreements which are required to be signed by reason of this Memorandum."

Furthermore, defendant Edward H. Ziner discussed and signed the memorandum of understanding in Philadelphia, Pennsylvania. In Proctor & Schwartz, Inc. v. Cleveland Lumber Company, 228 Pa. Superior Ct. 12, 323 A. 2d 11 (1974), the court considered a case where a non-resident corporation availed itself of the privilege of acting within this Commonwealth by entering into a commercial contract with a Pennsylvania corporation. The contract was partially negotiated and was accepted and executed in Pennsylvania and governed by Pennsylvania law, as in the case at bar. Upon default of the foreign corporation, the court held:

"Our decision today should not be interpreted as a

---

*Defendants contend in their memorandum of law in support of their preliminary objections and in the affidavit of Edward H. Ziner, that the "Memorandum of Understanding" does not encompass the entire understanding, agreement, terms and intentions of the parties, and was never otherwise intended to be a final document, as evidenced by the fact that the document does not contain an "integration clause" which would make the memorandum the sole and exclusive authority pertaining to the terms, understanding and intentions of the parties. Although this is certainly an issue to be considered by a court when determining whether to order specific performance, the court will not make such a determination on this issue at this stage of the proceedings, as there is no evidence on this issue save the bald assertions of defendant Ziner and in the memorandum of law.

precedent which will subject any foreign corporation to the jurisdiction of our courts. We hold today only that where a foreign corporation purposefully avails itself of the privilege of acting within this Commonwealth by entering with a Pennsylvania corporation into a commercial contract which is executed in Pennsylvania and governed by Pennsylvania law, which contract the foreign corporation may reasonably anticipate will have a substantial economic impact within this Commonwealth, and where the cause of action arises directly out of the foreign corporation's act; and where the foreign corporation, rather than maintaining the role of passive purchaser, actively negotiates the terms of the contract; and where the foreign corporation may reasonably anticipate the possibility of being called to defend an action in this Commonwealth, that the exercise of jurisdiction by the courts of this Commonwealth does not offend our sense of fair play and equal justice. See O'Hare Int'l Bank v. Hampton, 437 F. 2d 1173 (7th Cir. 1971)." Proctor & Schwartz, Inc., supra at 17.

In the case at bar, defendants availed themselves of the privilege of acting within this Commonwealth by negotiating and executing a contract in this Commonwealth. Most importantly, paragraph 12 of the memorandum of understanding not only gave defendants reason to anticipate the possibility of being called to defend an action in this Commonwealth upon their failure to perform, but specifically stated that the courts of this Commonwealth shall have "exclusive" jurisdiction. Accordingly, this court's exercise of in personam jurisdiction over defendants would not thereby offend the sense of fair play and equal justice embodied in the Due Process Clause of the 14th Amendment.

In regard to defendants' objections that arise as corollaries of those already discussed, service was validly effectuated pursuant to the provisions of 42 Pa.C.S.A. §§5301, 5308, 5322 and 5323. Defendants' objection to venue is unfounded since the memorandum of understanding was executed by plaintiff Lenet and defendants in the County of Philadelphia. Furthermore, defendants' demurrer and motion for a more specific pleading is likewise unfounded as the complaint in equity contains the specificity required under the Pennsylvania Rules of Civil Procedure.

Accordingly, defendants' preliminary objections are denied.

### ORDER

And now, May 4, 1982, upon consideration of defendants' preliminary objections and plaintiffs' answers thereto, it is hereby ordered and decreed that defendants' preliminary objections are hereby denied. Defendant shall have 20 days from notice hereof to answer.