In Re: Appeal of Richard E. Conners et al. Richard E. Conners and Nancy Conners et al., Appellants.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Layden C. Sadecky,* for appellants.

*J. Philip Colavincenzo, Reed, Luce, Good, Tosh, Kunselman & McGregor,* for appellee, Chippewa Township Zoning Hearing Board.

*Robert J. Fall,* for appellee, Community Alcoholism Services.

OPINION BY JUDGE BLATT, January 14, 1983:

Richard E. and Nancy Conners and a group of other neighboring landowners (appellants) appeal here an order of the Court of Common Pleas of Beaver County which affirmed the Chippewa Township Zoning Hearing Board (Board) in its decision that the operation of a halfway house for alcoholics by the Community Alcoholism Services of Beaver County, Inc. (applicant) would be a permitted use under that Township's zoning ordinance.

Where, as here, the trial court took no additional evidence, review by this Court is to determine whether

the zoning authorities abused their discretion or committed an error of law. *Riddle Paddock, Inc. v. Zoning Hearing Board of Middletown Township*, 30 Pa. Commonwealth Ct. 481, 374 A.2d 98 (1977).

The appellants argue that notice was not conspicuously posted on the affected tract of land as required by Section 908(1) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(1). The applicants, however, while admitting that the land was not posted, argue that the posting requirement is merely directory. *See Appeal of Crossley*, 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981).

We must agree with the appellants. The statutory language, "shall", while not always rendering the statute mandatory, "is generally regarded as imperative". *In Re: Columbia Borough*, 24 Pa. Commonwealth Ct. 190, 193, 354 A.2d 277, 279 (1976). We are also persuaded by the fact that the posting requirement is the result of a 1974 amendment in which the legislature added this form of notice to those already stated in the statute. And, to construe the amendatory language as directory, as the applicants would have us do, would be to render the addition of this language superfluous. This, of course, we cannot do. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a) requires that all provisions of a statute be given effect when possible.

In light of the above, and the rule that zoning procedures are to be strictly followed, *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971), we will reverse the order of the trial court.[1]

---

[1] Inasmuch as we are reversing on the posting requirement, it is unnecessary for this Court to reach the other issues presented by the appellants.

## Order

And Now, this 14th day of January, 1983, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is hereby reversed.

Jurisdiction will not be retained by this Court.