John Eaton and Diane Eaton and Alice Barkley, Appellants v. The Zoning Hearing Board of the Borough of Wellsboro and Soldiers & Sailors Memorial Hospital, Appellees.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*William A. Hebe,* with him *Warren H. Spencer, Spencer, Gleason & Hebe,* for appellants.

*William F. Campbell, Jr., Owlett & Lewis,* for appellee, Zoning Hearing Board of the Borough of Wellsboro.

*John C. Youngman, Jr.,* with him *George C. Williams, Candor, Youngman, Gibson & Gault,* for appellee/intervenor, Soldiers & Sailors Memorial Hospital.

OPINION BY JUDGE BARRY, February 22, 1984:

This is an appeal from a decision of the Court of Common Pleas of Tioga County, Pennsylvania, which affirmed a decision of the Zoning Hearing Board of the Borough of Wellsboro (Board) granting a request by the Soldiers and Sailors Memorial Hospital (Hospital) for a special exception to use a part of its property in a residential district for a hemodialysis unit.

Two proceedings in the Court of Common Pleas of Tioga County dealt with the application for the special exception submitted by the Hospital. The first proceeding involved a declaratory judgment action brought by the appellants challenging the validity of the Zoning Ordinance of Wellsboro (Ordinance). The second proceeding involved a hearing held before the Board on the Hospital's application for a special exception. The Board granted the request for the special exception and the Court of Common Pleas of

Tioga County affirmed the decision of the Board. The appellants have appealed the decision to this Court.

Appellants contend that the Board's decision granting the special exception should be declared a nullity for its failure to post notices regarding the hearing on the affected tract of land. According to Section 908 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(1) "notice of said hearing shall be conspicuously posted on the affected tract of land." Appellants further contend that the provisions of this notice section are mandatory rather than directory. *In Re Appeal of Conners,* 71 Pa. Commonwealth Ct. 213, 454 A.2d 233 (1983). We agree with the contention of the appellants. In *Conners,* this Court determined that the posting requirement under Section 908(1) of the Code is mandatory. The Legislature added a requirement for this form of notice by amendment in 1974 and "to construe the amendatory language as directory, . . . would be to render the addition of this language superfluous. . . . Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a) requires that all provisions of a statute be given effect when possible." *Id.* at 234. Under this statute, it is necessary, therefore, for notice of the hearing to be posted.

Appellees argue that appellants have received actual notice and have not been prejudiced by the lack of posting. Although appellants may have received notification by other means such as letter, telephone call, or newspaper publication, the presence of these other forms of notice does not overcome the failure to post notice as required by the statute. The Legislature intended that posting be required so to properly inform the general public, not just the appellants.

Whether appellants were prejudiced by the lack of posting is irrelevant and contrary to the logic of our holding in *Conners*.

Order reversed.

ORDER

AND Now, February 22, 1984, the order entered November 16, 1982, by the Court of Common Pleas of Tioga County, numbered 1514, Civil Division, 1980, is reversed.

Jurisdiction relinquished.