OPINION OF THE COURT
Robert W. Doyle, J.
Pursuant to the determination of Honorable Eli Wager, *1075 dated January 21, 1986, a hearing was had before this court upon petitioners’ application under CPLR article 78 to set aside the determination of the Zoning Board of Appeals of the Town of Southampton which granted certain variances to respondents Pump to operate a restaurant and take-out food service establishment on Hubbard Street in the Town of Southampton. It was petitioners’ contention that the failure of applicant to provide notice to interested parties in accordance with the requirements of Code of the Town of Southampton § 69-26 (B) constituted a jurisdictional defect which deprived the respondent Zoning Board of the power to grant the variance. Five witnesses testified on behalf of the petitioners and two witnesses testified for the respondents at the hearing wherein five exhibits were received in evidence.
The testimony presented reveals that an initial hearing was held before the Board on April 4, 1985 wherein it was agreed that the matter would be kept open until May 2, 1985 in order to permit the applicants to file an amendment to their application.
The notice requirements of the Code of the Town of Southampton are set forth in section 69-26 and specify in paragraph (B) as follows:
"B. The Board shall fix a time and place for a public hearing thereon and shall provide for the giving of notice at least ten (10) days prior to the date thereof as follows:
"(1) By publishing a notice in the official newspaper.
"(2) By requiring the applicant to erect a white-with-black-lettering sign or signs measuring not less than two (2) feet long and one (1) foot wide, which shall be prominently displayed on the premises facing each public street on which the property abuts, giving notice that an application for an appeal is pending and the date, time and place where the public hearing will be held. The sign shall not be set back more than ten (10) feet from the street line and shall not be less than two (2) nor more than six (6) feet above the grade at the street line. The sign shall be made of durable material and shall be furnished by the Building Inspector. It shall be displayed for a period of not less than ten (10) days immediately preceding the public hearing date or any adjournment date. The applicant shall file an affidavit that he has complied with the provision of this section.”
The witnesses testifying on behalf of the petitioners all stated that they had occasion to drive past the subject prem *1076 ises many times during the 10-day period preceding both the meeting of the Zoning Board of Appeals on April 4, 1985 and May 2, 1985 and that at no time did they see a sign posted on the property giving notice of a pending public hearing.
The Chairman of the Zoning Board of Appeals who was called to the stand by respondents testified that he visited the premises during the week prior to the April 4th hearing and observed the statutorily required sign in place but that he did not visit the site prior to the May 2nd hearing. Respondents in fact have conceded that no sign was posted prior to the May 2nd hearing nor an affidavit of compliance as to such a posting ever submitted.
The question thus posed is whether the ordinance required the posting of a sign 10 days prior to the May 2nd meeting. That question is here answered in the affirmative.
The specific wording of the ordinance states that the sign "shall be displayed for a period of not less than ten (10) days immediately preceding the public hearing date or any adjournment date.” A literal reading of the ordinance suggests that compliance therewith might be effected by the posting of a sign at least 10 days before either date. Such a construction, however, would operate to defeat the very purpose of the posting requirement which is to inform the public (Eaton v Zoning Hearing Bd., 80 Pa Commonwealth Ct 392, 471 A2d 919). It is a well-accepted rule of construction that "and” may be substituted for "or” and vice versa where it is necessary to carry out the legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes § 365; Davis Constr. Corp. v County of Suffolk, 95 AD2d 819). The ordinance considered herein is interpreted to require the posting of a sign prior to any and all meetings.
In the case at bar none of the petitioners attended either hearing and may not thus be deemed to have waived the irregularity (see, 3 Anderson, American Law of Zoning § 20.23). Moreover, whether or not the petitioners herein were injured by the failure of compliance with the posting aspect of the ordinance’s notice requirement is irrelevant because, as noted, the purpose of posting is to inform the public.
It is therefore the decision of this court that the Zoning Board of Appeals of Southampton lacked jurisdiction to entertain respondents Pumps’ amended application, and that the decision of the said Board is voided, without prejudice to a renewal thereof upon proper notice as prescribed in the ordinance.