**Paul S. KLINE, Appellant**

v.

**ZONING HEARING BOARD OF the TOWNSHIP OF UPPER SAINT CLAIR**

v.

**Township of Upper Saint Clair.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 2006.

Decided July 12, 2006.

Paul S. Kline, Pittsburgh, for appellant.

Charles P. McCullough and John T. Vogel, Pittsburgh, for appellee, Township of Upper Saint Clair.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Paul S. Kline (Kline) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which affirmed the decision of the Zoning Hearing Board of the Township of Upper St. Clair (Board) denying his request for variances and upholding an enforcement notice. The Township of Upper St. Clair (Township) is an intervenor in this case. We vacate and remand.

Kline is the owner of property located in a single family residential district. On March 9, 2002, Deckmasters Technologies, Inc., on behalf of Kline, applied for a building permit and sought zoning approval to construct a deck on the property. A building permit was issued for the deck with the permit specifically prohibiting the enclosure of the lower portion of the deck pursuant to the Township of Upper St. Clair Zoning Code (Code).

On March 26, 2004, an inspection of the property revealed that space under the deck had been enclosed and converted into a garage. Also, three sections of lattice fence measuring four feet by ten feet were constructed in the front yard. Moreover, two storage sheds had been erected within a fifteen foot side yard setback.

On April 6, 2004, a zoning enforcement notice was issued. The notice cited Kline for construction of two accessory storage structures within the required side yards, for construction of a fence within the front yard, for enclosure of the lower portion of the deck and because the total area of buildings used as storage exceeded two hundred square feet.

On May 12, 2004, Kline appealed the enforcement notice. Therein, Kline also applied for variances to allow the existing storage structures, for a garage addition in the side yard and a variance to exceed the two hundred square foot floor area for a storage lot.

The Board set the hearing on the enforcement notice and the variance requests for June 23, 2004. The originally scheduled hearing was continued until July 28, 2004. The record contains a written request signed by Kline asking for a continuance of the hearing until July 28, 2004. On July 26, 2004, the Board mailed Kline a letter reminding him of the July 28, 2004, hearing.

Kline did not appear at the July 28, 2004, Board hearing. The zoning officer testified regarding the Code violations on Kline's property. Several neighbors testified in opposition to the variances request-

ed by Kline. The Board thereafter issued a decision denying the variance requests and upholding the enforcement notice. Kline appealed to the trial court, and also requested a remand maintaining that he did not receive proper notice of the Board's hearing. The trial court affirmed the decision of the Board and dismissed Kline's appeal.[1]

■ Initially, Kline argues that the notice apprising him of the July 28, 2004, was inconsistent with due process. Because we conclude that the Board did not follow the procedure for providing notice, a remand is warranted.

With respect to hearings, we observe that Section 908 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908 provides:

> (1) Public notice shall be given and written notice shall be given to the applicant ... such other person as the governing body shall designate by ordinance and to any person who has made timely request for the same. Written notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board.

As to hearing procedures regarding a variance application, § 130.54.3.1.3 of the Code sets forth the notice requirements, which includes the following:

> 130.54.3.1.3.2. By mailing a notice thereof by certified mail to the owner of the LOT for which the Variance is requested ... and to the LOT owners in the TOWNSHIP whose Lots are adjacent ... and by certified mail to all other LOT owners in the TOWNSHIP whose LOTS are within two hundred (200) feet of the LOT.... *All mailings must be made no more than thirty (30) days nor less than seven (7) days prior to date of the PUBLIC HEARING.*[2]

(Emphasis added.)

Here, the record evidences that the Board did mail Kline a letter informing him of the hearing on July 28, 2004. However, the letter was mailed on July 26, 2004, which was less than seven days before the scheduled hearing and contrary to the Code requirements.

Township nonetheless maintains that it complied with all of the notice requirements set forth in the Code, including posting of the property, publication and written notice with respect to the originally scheduled June 23, 2004, hearing. Township argues that a continued hearing is not subject to the same notice requirements as "first-time" hearings, citing Ryan, Pennsylvania Zoning Law & Procedure, 2005, Cumulative Supp. At § 9.4.13. (Township brief at p. 13.)

We observe, however, that July 28, 2004, was the first time that a hearing actually took place. This is not a case where a hearing was initially conducted and then continued for the taking of additional evidence. In *Jewell et. al. & Faverio v. Zoning Board of Chester,* 52 Del.Co. 256 (1964), the court determined that where an original hearing is advertised a continued hearing need not be advertised. The date of the continued hearing in *Jewell* was announced at the time of the first hearing

---

1. Where, as here, the trial court does not take additional evidence, our review is limited to determining whether the Board committed an error of law or abused its discretion. *Candela v. Millcreek Township Zoning Hearing Board,* 887 A.2d 335 (Pa.Cmwlth.2005).

2. The same general rues apply to appeal hearings with respect to enforcement notices. § 130.54.5.

and therefore it was not necessary to give additional notice.

■ Additionally, although Township argues that Kline had actual notice of the hearing because he filled out the form seeking the continuance, the record evidence supports Kline's contention that the originally scheduled hearing of June 23, 2004, was required to be rescheduled due to a lack of Board quorum. (R.R. at 53.) Moreover, there is nothing in the record evidencing that Kline received a copy of the form seeking the continuance. In addition, the MPC states that written notice "shall" be given to the applicant and zoning procedures are to be strictly followed. *Appeal of Conners*, 71 Pa.Cmwlth. 213, 454 A.2d 233 (1983). *See also Eaton v. Zoning Hearing Board of Borough of Wellsboro*, 80 Pa.Cmwlth. 392, 471 A.2d 919 (1984)(posting requirement under Section 908.1 of the MPC is mandatory even if party has actual knowledge of hearing).

Because the Code requires that mailings must be sent no more than 30 days before nor less than 7 days prior to the date of the public hearing and the public hearing in this case was conducted on July 28, 2004, the notice mailed to Kline on July 26, 2004, was insufficient to comply with the Code requirements.

Accordingly, we vacate the order of the trial court and remand this case with instructions that the trial court remand to the Board.[3] The Board shall thereafter schedule a hearing within sixty days and shall comply with the notice provisions set forth in Section 130.54.3.1.3.

Jurisdiction is relinquished.

3.  Because of our determination that a remand is necessary, we do not address Kline's re-

*ORDER*

Now, July 12, 2006, the order of the Court of Common Pleas of Allegheny County, in the above-captioned matter, is vacated. The case is remanded to the trial court with instructions to remand to the Zoning Hearing Board of Upper St. Clair Township. The Zoning Hearing Board shall conduct a hearing within 60 days and shall comply with the notice provisions provided in the Code.

Jurisdiction is relinquished.