**Randall A. and Regina WESTON, Appellants**

v.

**ZONING HEARING BOARD OF BETHLEHEM TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 12, 2010.

Decided April 27, 2010.

Christy Schlottman, Phillipsburg, NJ, for appellants.

Lawrence B. Fox, Allentown, for appellee.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Randall A. and Regina Weston (the Westons) appeal from the October 5, 2009, order of the Court of Common Pleas of Northampton County (trial court) that dismissed with prejudice the Westons' appeal from a decision of the Zoning Hearing Board of Bethlehem Township (ZHB) granting Bonita Yoder's request to rent rooms in her home to college students. The trial court determined that the Westons lacked standing to bring the action because they failed to appear before the ZHB to object to Yoder's request. We affirm.

Yoder resides at 3215 Gloucester Drive, in a single-family home located in Bethlehem Township's (Township) Low Density Residential (LDR) District. Yoder rented rooms in her home to college students, but she discontinued the practice after the Township zoning administrator advised her that the use was considered a "boarding house" as defined in the Bethlehem Township Zoning Ordinance (Ordinance) and, thus, was not permitted in the LDR District. Believing that the rental of rooms in her home fit within the Ordinance's definition of "family," a permitted use in the LDR district, Yoder applied to the ZHB for an interpretation of the terms. In accordance with the notice provisions in section 908(1) of the Pennsylvania Municipalities Planning Code (MPC),[1] the ZHB issued public notice of its intent to hold a hearing on Yoder's application on January 28, 2009. (R.R. at 31a.) In addi-

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(1). Section 908(1) of the MPC provides that:

    Public notice shall be given and written notice shall be given to the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. Written notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board.

    Section 107 of the MPC defines "Public notice" as:

    [N]otice published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days and the second publication shall not be less than seven days from the date of the hearing.

    53 P.S. § 10107.

tion, section 112.A of the Ordinance[2] requires that written notice of the scheduled hearing be mailed to property owners within 400 feet of the subject property, and the Westons own property within 400 feet of Yoder's residence.

At the hearing, the ZHB Chairman initially questioned the Township zoning officer regarding compliance with the MPC's public notice requirements. The zoning officer testified that the hearing notice was properly posted, but she admitted that the advertisement of the public notice included a typographical error; specifically, the notice identified Yoder's address as 321*4*, rather than 321*5*, Gloucester Drive. (R.R. at 18a.) The ZHB Chairman and the ZHB solicitor agreed that this error was "not fatal." (R.R. at 18a.) Thereafter, in response to questioning by the ZHB solicitor, Yoder's counsel confirmed that individual notice was sent by U.S. mail to property owners within the requisite 400-foot radius of Yoder's residence and that no envelopes were returned as undeliverable. (R.R. at 18a–19a.) With respect to notice of the hearing, the ZHB solicitor marked the following submissions as exhibits: (1) a document entitled "Public Notice," (R.R. at 31a); (2) a U.S. post office form containing the handwritten list of names and addresses of persons to whom individual notice was sent, (R.R. at 32a–38a); (3) a U.S. post office receipt of mailing to these persons, (R.R. at 32a–38a); (4) a Northampton County tax assessment map highlighting the lots neighboring Yoder's property, (R.R. at 39a); and (5) a list obtained from the Northampton County Courthouse providing the names and addresses for the parcels designated on the tax assessment map. (R.R. at 40a–43a.) Satisfied that all notice requirements were met, the ZHB proceeded to consider the merits of Yoder's application. Yoder testified on her own behalf, and no one appeared to object to Yoder's application.

On February 25, 2009, by a vote of three to two, the ZHB issued a written opinion in Yoder's favor. Thereafter, the Westons filed a timely appeal to the trial court, raising both procedural and substantive errors in the ZHB's decision. With respect to the former, the Westons asserted that they did not receive written notice of the ZHB hearing in accordance with section 112.A of the Ordinance, that there was no record evidence to show that the ZHB complied with the public notice requirements in sections 107 and 908(1) of the MPC, 53 P.S. §§ 10107 and 10908(1), and that the notice was defective on its face because it contained a numerical error. The Westons sought a reversal of the ZHB's decision or, in the alternative, a remand to the ZHB for a rehearing after proper and lawful notice. (R.R. at 1 a–7a.)

The ZHB subsequently filed a brief with the trial court, asserting that proper procedure was followed in notifying the public and the neighborhood residents about Yoder's hearing and that the ZHB reached a legally sound decision. In addition, as a threshold matter, the ZHB alleged that the Westons lacked standing to bring the appeal. The ZHB observed that only parties before the ZHB may appeal its decision to the trial court, and, because the Westons did not appear before the ZHB in opposition to Yoder's application, they were not parties as defined in section 908(3) of the MPC, 53 P.S. § 10908(3).[3]

---

**2.** Section 112.A of the Ordinance requires, in relevant part, that: "Notice of the hearing shall be given as provided under State law ... Written notice should be mailed or delivered to the last known address of the last known owners of record of lots within 400 feet of the lot lines of the subject lot." (R.R. at 3a.)

**3.** Section 908(3) of the MPC provides as follows:

In a responsive brief, the Westons conceded that they did not appear before the ZHB. Nevertheless, they argued that they had standing before the trial court pursuant to section 1002.1–A of the MPC,[4] which applies "to all appeals challenging the validity of a land use decision on the basis of a defect in procedures prescribed by statute or ordinance." 53 P.S. § 11002.1–A(a). Applying this section, the Westons maintained that, because their absence at the ZHB hearing was due to the Township's failure to strictly comply with the proper procedure regarding notice under the MPC and the Ordinance, the hearing was procedurally defective and the ZHB's decision was void *ab initio*. (R.R. at 59a–62a.)

The trial court considered these arguments and, on October 5, 2009, issued an Order and Statement of Reasons dismissing the Westons' appeal. As an initial matter, the trial court noted that the Westons presented no new evidence to support their claims of defective notice but, instead, attempted to discredit the existing evidence of record.[5]

Specifically, the Westons took issue with the exhibits submitted to the ZHB during the hearing. The Westons contended that, although included with the hearing transcript and certified as part of the record on appeal, none of the exhibits were moved into evidence, and, therefore, the only record evidence as to notice was the testimony from the Township zoning officer, the ZHB solicitor and Yoder's counsel, which was insufficient to establish compliance with the requirements in either the MPC or the Ordinance.

With regard to the MPC's requirements, the Westons asserted that the zoning officer admitted that the hearing was not properly advertised due to a typographical error in the public notice. The Westons further maintained that, even if this acknowledged error were "not fatal," the record contained no evidence establishing that the ZHB complied with the timing requirements set forth in section 107 of the MPC, 53 P.S. § 10107. As to the Ordinance requirements, the Westons argued that testimony merely representing that individual notice was sent was insufficient to prove compliance. Moreover, the Westons contended that, even if the exhibits were available for consideration, the documents themselves raise a question as to whether notice actually reached the proper individuals where the list of names and addresses are virtually illegible and contain various mistakes. In fact, the Westons claimed that, although they own property within 400 feet of Yoder's residence, they failed to receive notice as required by

---

The parties to the hearing shall be the municipality, *any person affected by the application who has made timely appearance of record before the board,* and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that *all persons who wish to be considered parties* enter appearances in writing on forms provided by the board for that purpose. 53 P.S. § 10908(3) (emphasis added). We note that section 908(9) of the MPC refers only to "the right of any *party* opposing the application to appeal the decision to a court of competent jurisdiction." 53 P.S. § 10908(9) (emphasis added).

4. This section was added by the Act of July 4, 2008, P.L. 319.

5. We note that the Westons did not file a motion seeking to present additional evidence in support of their claims of deficient notice. *See* section 1005–A of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005–A (stating that if, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a trial court may hold a hearing to receive additional evidence or may remand the case to the body whose decision or order has been brought up for review to receive additional evidence).

the Ordinance, rendering the ZHB's decision void.

■ Rejecting these arguments, the trial court observed that the mailing list was in the record, the list included the Westons, and the list contained no facial defects to support the Westons' claims of non-receipt. The trial court also noted that, while the public notice was defective with respect to the identification of Yoder's address, it otherwise properly identified Yoder and described the matter at issue. In light of the *de minimis* nature of the error in the public notice, the proof that the notice was mailed to the Westons and the Westons' failure to appear at the ZHB hearing, the trial court held that the Westons were not parties to the Yoder matter under section 908(3) of the MPC, and, therefore, they had no standing to appeal from the ZHB's decision. (R.R. at 67a–71a.) Consequently, the trial court dismissed the Westons' appeal without consideration of the merits. The Westons now appeal to this court.[6]

There is no question that the Westons were not *parties* to the ZHB proceedings; however, the Westons argue that the trial court erred by dismissing their appeal for lack of standing on those grounds. The Westons assert that, because they challenge the ZHB's decision on the basis of procedural defects, their standing before the trial court is the *person* aggrieved

standard set forth in section 1002.1–A of the MPC, 53 P.S. § 11002.1–A. Section 1002.1–A provides, in pertinent part, as follows:

(c) Appeals under this section shall only be permitted by an aggrieved *person* who can establish that reliance on the validity of the challenged decision resulted or could result in a use of property that directly affects such person's substantive property rights.

(d) No decision challenged in an appeal pursuant to this section shall be deemed void from inception except as follows: (1) In the case of an appeal brought within the time period provided in section 1002–A(a), the party alleging the defect must meet the burden of proving that there was a failure to *strictly comply* with procedure.

53 P.S. §§ 11002.1–A(c) and (d)(1). (Emphasis added.)

The Westons assert that their proximity to Yoder's property makes them persons aggrieved by the ZHB's decision. In addition, repeating the arguments they made before the trial court, the Westons contend that they met their burden under section 1002.1–A(d)(1) because the record before the ZHB cannot establish strict compliance with either the public notice requirements in the MPC or the individual notice requirements in the Ordinance. Although the Westons may be persons aggrieved,[7]

---

**6.** Where, as here, the trial court takes no additional evidence on a zoning appeal, we are limited to determining whether the ZHB abused its discretion or committed legal error. *Provco Partners v. Limerick Township Zoning Hearing Board,* 866 A.2d 502 (Pa. Cmwlth.), *appeal denied,* 586 Pa. 744, 891 A.2d 735 (2005). We may conclude that the ZHB abused its discretion only if its findings are not supported by substantial evidence, which is defined as such evidence as a reasonable mind might find adequate to support a conclusion. *Valley View Civic Association v.*

*Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

**7.** The ZHB contends that the Westons have not demonstrated either that they are persons aggrieved or that their substantive property rights have been adversely affected by the ZHB's decision. However, case law supports the Westons' claim that they are persons aggrieved due to their location within 400 feet of Yoder's residence. In *Provco Partners,* we held that where a township ordinance required the applicant to provide notice of a zoning request to all landowners within 400

we disagree that they are entitled to the relief provided by section 1002.1–A of the MPC.

■ Initially, we point out that, as the parties alleging the defect, the Westons have the burden of proving a failure to strictly comply with procedure. 53 P.S. § 11002.1–A(d)(1). As the trial court observed, the Westons offered no additional evidence; therefore, to meet their burden, they must rely on evidence of noncompliance that is apparent from the existing record. In this regard, we reject the Westons' position that the submitted documents must be excluded from the record because they were not formally moved into evidence. Section 908(6) of the MPC provides that the formal rules of evidence do not apply to ZHB hearings, 53 P.S. § 10908(6). Moreover, these documents were submitted to the ZHB, marked as exhibits by the ZHB, referred to in the ZHB's decision and incorporated into the record certified by the ZHB to the trial court. Under such circumstances, we conclude that the exhibits can be considered as support for the ZHB's decision. See *Board of Commissioners of Upper Moreland Township v. Decision and Action of the Zoning Hearing Board of Upper Moreland Township*, 25 Pa.Cmwlth. 626, 361 A.2d 455 (1976).[8]

■ Among these exhibits is a list of those persons to whom individual notice was mailed pursuant to the Ordinance, along with a certified receipt from the U.S. Post Office evidencing that the mailing took place. Accordingly, the presumption is raised that the mailed notices were received by the addressees, including the Westons.[9] The list is handwritten; howev-

feet of the applicant's land, neighbors challenging the procedure leading up to the grant of the applicant's request were presumed to be persons aggrieved with standing to challenge the grant because the neighbors' land was within 400 feet of the subject property. *See also Laughman v. Zoning Hearing Board of Newberry Township*, 964 A.2d 19 (Pa. Cmwlth.2009); *Appeal of Hoover*, 147 Pa. Cmwlth. 475, 608 A.2d 607 (1992) (both holding that the owner of property within close proximity to the subject property is aggrieved for standing purposes because the zoning decision is presumed to have an effect on the property owner's property).

8. In *Upper Moreland*, we determined that evidence not formally incorporated into the record of the zoning hearing board still could be considered as part of the record on appeal from a subsequent board action. In doing so, we reasoned as follows.

Much, but not all, of the specific evidence of the surrounding uses ... is found in the transcript of a prior Board hearing which involved another nearby property.... This second transcript was certified to this Court as part of the record in the instant case. Although this additional evidence was not formally incorporated into the record at the Board's hearing in the instant case, it was 'noted for the record' that the instant property is adjacent to the lot involved in the prior hearing, and specific reference was made to the prior proceeding by the Board Chairman. Additionally, the adjacent property was referred to without objection at several points in the hearing. We do not condone the failure of the Board and counsel to formally incorporate this prior transcript into the record, but we believe that under the circumstances of this case, we may consider this transcript as supportive of the Board's findings.

*Upper Moreland*, 361 A.2d at 458, n. 3. This reasoning is even more convincing in the present case because the ZHB here did formally incorporate the submitted documents into its record of the hearing.

9. The common law "mailbox rule," which has long been the law of this Commonwealth, provides that the depositing in the post office of a properly addressed letter with prepaid postage raises a natural presumption that the letter reached its destination by due course of mail. *In re Rural Route Neighbors*, 960 A.2d 856 (Pa.Cmwlth.2008), *appeal denied,* —— Pa. ——, 989 A.2d 10 (2010). Thus, under the "mailbox rule," evidence that a letter has been mailed ordinarily will be sufficient to permit a fact-finder to find that the letter was,

er, upon examination, we agree that this document is not so illegible or defective that it constitutes evidence sufficient to rebut that presumption and show that notice was not provided to the intended recipients, particularly where testimony established that none of the envelopes were returned as undeliverable.

■ Nevertheless, the Westons assert that, regardless of receipt, the fact that the notice incorrectly identified Yoder's address is a fatal error in light of the well-established law that the notice requirements of the MPC must be strictly construed. The Westons rely on various cases as support for this argument. In *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45 (2007), our supreme court held that the failure to give public notice or hold a public hearing before deciding to grant conditional use permits rendered the decision void *ab initio*. In *Kline v. Zoning Hearing Board of the Township of Upper Saint Clair*, 903 A.2d 77 (Pa.Cmwlth.2006), this court held that the failure to mail notice more than seven days before the scheduled zoning hearing required a new hearing. In *In re Appeal of Conners*, 71 Pa.Cmwlth. 213, 454 A.2d 233 (1983), we held that the failure to post notice on the affected property required reversal of the zoning hearing board decision. Finally, in *Stassi v. Ransom Township Zoning Hearing Board*, 54 Pa. D. & C. 4th 303 (2001), a common pleas court held that, because substantial compliance with publication and notice requirements is not sufficient, providing notice twice in the same calendar week rather than two successive weeks was not harmless error and rendered the adopted zoning ordinance null and void.

Although all these cases recognize the rule that zoning procedures are to be strictly followed, they are inapposite to the issue here because they all deal with a *proven* failure to comply with the MPC's notice requirements, not the mere clerical error identified in the present case. Section 107 of the MPC provides that public notice "shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing." 53 P.S. § 10107. The "Public Notice" that was entered into the record at the ZHB's hearing fully complies with this mandate; it details the time and place of hearing, and it specifies the particular nature of the matter to be considered at the hearing as it applies to Northampton County Tax Assessment Parcel Identification Number M7NW3–22–2–0205.[10] Be-

in fact, received by the party to whom it was addressed. *Id.*

10. The Public Notice states as follows:

NOTICE IS HEREBY GIVEN THAT THE FOLLOWING APPELLANTS HAVE FILED AN APPEAL FOR A PUBLIC HEARING BEFORE THE ZONING HEARING BOARD OF THE TOWNSHIP OF BETHLEHEM, A HEARING TO BE HELD AT 6:30 PM ON WEDNESDAY, JANUARY 28 TH, 2009 AT THE TOWNSHIP MUNICIPAL BUILDING, 4225 EASTON AVENUE, BETHLEHEM, PA 18020. THE MEETING, AMONG OTHER ISSUES, CONCERNS THE FOLLOWING ZONING APPEALS:

*Appeal # 02–2009: Bonita Yoder*, residing at 3214 Gloucester Drive, requests an appeal from interpretation of Section 202 and Section 602 from the Bethlehem Township Zoning Ordinance, as amended, regarding the definition of "family." The applicant was informed in September of 2008 by the Zoning Officer that the rental of 3 rooms in her home to college students was considered a "Boarding Home" per Article II, a use for which the applicant does not qualify, pursuant to the requirements of section 2002.A.11. The applicant maintains that the use is that of 4 unrelated persons living together and functioning as a common household in a single dwelling unit. The property is located in the "LDR" Low Density Residential Zoning District. *The property maintains the Northampton County Tax Assessment Parcel ID# (M7NW3–22–2–0205).*

cause neither the MPC nor the Ordinance requires that the property be listed by address, and because the notice here provided all of the required information, including the correct identification of Yoder's property by its tax parcel number, we are satisfied that the ZHB and trial court correctly determined that the admitted typographical error was *de minimis* and did not demonstrate a failure to comply with the public notice requirements.[11] Because the Westons were unable to point to record evidence demonstrating non-compliance with the notice requirements set forth in the MPC or the Ordinance, the Westons failed to meet their burden under section 1002.1–A of the MPC.

In pursuing their appeal, the Westons assert that "[t]here is no authority that stands for the principle that a person aggrieved must have appeared before the ZHB where the contention is that the person aggrieved was precluded from attending due to a defect in the hearing notice." (Westons' brief at 11.) However, having failed to prove that contention, the Westons have standing to appeal the ZHB's decision only if they were parties to the proceedings before the ZHB. *Orie v. Zoning Hearing Board of the Borough of Beaver,* 767 A.2d 623 (Pa.Cmwlth.2001); *Leoni v. Whitpain Township Zoning Hearing Board,* 709 A.2d 999 (Pa.Cmwlth.), *appeal denied,* 557 Pa. 642, 732 A.2d 1211 (1998) (both confirming that one cannot establish a right to appeal a zoning hearing board's decision where the appellant has not participated *in any way* before the board). Because the Westons did not appear at the

hearing before the ZHB, they were not parties to the proceeding under section 908(3) of the MPC, 53 P.S. § 10908(3), and their appeal was properly dismissed for lack of standing.

Accordingly, we affirm.

### ORDER

AND NOW, this 27th day of April, 2010, the order of the Court of Common Pleas of Northampton County, dated October 5, 2009, is hereby affirmed.

---

(R.R. at 31a.) (Bolding in original, italics added).

**11.** The Westons also assert that the record before the ZHB contains no evidence that the notice was published "once each week for two successive weeks in a newspaper of general circulation in the municipality," as re-

quired by section 107 of the MPC, 53 P.S. § 10107. (Westons' brief at 14.) However, as stated, in an appeal under section 1002.1–A of the MPC, the ZHB has no burden to prove strict compliance with procedure; rather, as the party alleging the defect, the Westons had the burden of proving the contrary.